William SATTERWHITE,
Jr., Appellant,

v.

George O'Neal JACOBS a/k/a George Jacobs and Associates, Appellee.

No. 01–99–00206–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

May 18, 2000.

Order Denying Rehearing and En Banc Reconsideration Aug. 31, 2000.

William Satterwhite, Jr., Houston, for appellant.

George O'Neil Jacobs, Houston, for appellee.

Panel consists of Justices MIRABAL, NUCHIA, and EVANS [1].

## OPINION

FRANK G. EVANS, Justice (Retired).

Appellant William Satterwhite, Jr. brought this action against appellee George O'Neal Jacobs, alleging that he had retained Jacobs to provide legal services in connection with a criminal charge pending in the Harris County District Court. Satterwhite alleged that Jacobs had represented him at a hearing on the State's "Motion to Hold Defendant Without Bond" in the criminal case and that because of Jacobs' negligence and breach of duty, the trial court granted the State's motion and ordered him incarcerated pending trial. Satterwhite further alleged that because of Jacobs' negligence and breach of duty, he was placed at a disadvantage in other pending legal matters and, as a result of his prior losses and incarceration, that he suffered severe emotional and mental distress.

Jacobs filed a general denial and a motion for summary judgment. In his motion, Jacobs offered summary judgment proof showing that he had represented Satterwhite at the bond hearing and that after the hearing Satterwhite obtained the services of another attorney who represented him at the criminal trial. The proof showed that Satterwhite entered a plea of guilty to the felony offense of holding himself out as a lawyer and that the court sentenced him to 10-years probation and required him to pay restitution in the amount of $1,000. Finally, the proof showed that Satterwhite's probation was subsequently revoked and that he was sentenced to 10-years imprisonment.

The basis of Jacob's motion for summary judgment is that Satterwhite's claim is barred as a matter of law. Citing *Peeler v. Hughes & Luce*, Jacobs asserts that "because Plaintiff is suing Defendant for malpractice in a criminal case in which he the Plaintiff pleaded guilty and which case has not been reversed on appeal, Plaintiff is barred from being able to prove that Defendant's action was the proximate cause of Plaintiff's damages." *Peeler*, 909 S.W.2d 494 (Tex.1995).

On appeal, Satterwhite contends in point of error one that genuine issues of material fact exist precluding summary judgment and in point of error two that Jacob's motion for summary judgment failed to address the cause of action for breach of contract. *See* Tex.R. Civ. P. 166a(c). Jacobs has not filed an appellee's brief.

After reviewing the summary judgment record, we conclude that the nature of Satterwhite's action in this case is materially different from that in the case before the supreme court in *Peeler*. The gist of Satterwhite's claim is that because of Jacob's negligence and breach of duty at the pretrial bond hearing, Satterwhite was prematurely incarcerated and suffered resulting loss and damage. His claim is not based on the legal representation he received during his criminal trial, and his conviction in that proceeding is irrelevant to the claim he now asserts against Jacobs. The only issue before the court at the pretrial bond hearing was whether Satterwhite should be held without bond pending trial, and the court's determination at that hearing did not involve the issue of Satterwhite's ultimate guilt or innocence.

1. The Honorable Frank G. Evans, retired Chief Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

**37**

In *Peeler*, the supreme court explained its public policy rationale for denying criminal defendants the right to sue their attorneys for legal malpractice related to their convictions. The court said this policy "is rationally related to the state's compelling interest of preventing criminals from profiting from their illegal acts or escaping punishment by transferring all or a portion of it to another." 909 S.W.2d at 499. However, the circumstances and policy considerations involved in *Peeler* are not present in this case.

Here Satterwhite's action against Jacobs is based solely on a transaction that occurred prior to the criminal trial. Thus, Satterwhite's subsequent conviction is irrelevant to the cause-in-fact issue involved in his civil action against Jacobs. So far as the summary judgment record reflects, it was Jacob's alleged conduct, not Satterwhite's subsequent conviction, which was the cause-in-fact, *i.e.,* "a substantial factor," that brought about the injury which would not otherwise have occurred. *Peeler*, 909 S.W.2d at 498 (citing *Union Pump Co. v. Allbritton*, 898 S.W.2d 773, 774–75 (Tex.1995)).

We conclude that Jacobs' motion for summary judgment does not demonstrate, as a matter of law, that Satterwhite is precluded from asserting the cause of action against Jacobs. Therefore, we sustain Satterwhite's two points of error, reverse the trial court's summary judgment, and remand the cause for further proceedings.

**ORDER ON MOTION FOR REHEARING AND MOTION FOR EN BANC RECONSIDERATION**

PER CURIAM.

Appellee, George O'Neal Jacobs a/k/a George Jacobs and Associates, has filed motions for rehearing and for en banc reconsideration. The panel overrules his motion for rehearing and the en banc

Court denies his motion for en banc reconsideration.

It is so **ordered.**

En banc Court consists of Chief Justice SCHNEIDER and Justices COHEN, MIRABAL, O'CONNOR, WILSON, HEDGES, ANDELL, TAFT, NUCHIA, and EVANS.

Justice O'CONNOR dissents from the denial of en banc reconsideration.