Affirmed and Opinion of April 3, 2003 Withdrawn, and Substitute
Memorandum Opinion filed September 18, 2003









Affirmed and Opinion of April 3, 2003 Withdrawn, and
Substitute Memorandum Opinion filed September 18, 2003. 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-01-00977-CV

____________

 

BARNEY JOE DONALSON, JR., Appellant

 

V.

 

RAY B. MARTIN, Appellee

 



 

On Appeal from the 280th District Court

Harris County, Texas

Trial Court Cause No. 00-37033

 



 

S U B S T I T U T E  
M E M O R A N D U M   O P I N I O
N

ON  R E H E A R I N
G  

 

We
withdraw our opinion of April 3, 2003 and substitute this opinion on rehearing.
Appellant=s motion for rehearing is
overruled.  








Seventeen
years ago, appellant Barney Joe Donalson was convicted of twelve counts of
arson.  After various collateral
attacks on the judgment over the years, he sued his trial counsel, appellee Ray
Martin, alleging various theories of fraud. 
The trial court granted appellee=s motion to dismiss pursuant to
Chapter 14 of the Civil Practices and Remedies Code.  In six points of error, appellant contends
the trial court abused its discretion in dismissing the suit.  We affirm.

Factual Background

In
1986, appellant pleaded guilty to twelve counts of arson.  He declined a plea bargain which would have
required him to plead guilty and serve a prison term of ten years.  Instead, pursuant to the advice of appellee,
he pleaded guilty and sought probation or sentencing to a mental institution.  Also on the advice of appellee, appellant
waived his right to a jury trial. 
According to appellant, appellee represented to him that the prosecutor
would seek stacked sentences if he exercised his right to a jury trial.  The trial court denied appellant=s
request for probation and issued a stacked sentence of 50 years imprisonment.[1]
 See Downs v. State, Nos.
14-86-339-CR through 14-86-342-CR, 1987 WL 10549, at *1 (Tex. App.CHouston
[14th Dist.] May 7, 1987, pet. ref=d) (not designated for publication).[2]

In
both 1987 and 1991, appellant filed applications for writs of habeas corpus
alleging ineffective assistance of counsel. 
For each of these suits, appellee supplied appellant with affidavits
stating the prosecutor represented that he would ask the trial court to stack
any sentences assessed by a jury if the case went to a jury trial.








In
April of 2000, appellant obtained an affidavit from his mother containing her
verbatim account of a telephone conversation with the prosecutor in which he
allegedly denied telling appellee that he would seek stacked sentences.  Upon receipt of the affidavit, appellant
instituted the underlying suit alleging fraudulent misrepresentation, constructive
fraud, and actionable fraud relating to the statements made by appellee
to appellant during plea negotiations. 
Appellant alleged that the prosecutor never threatened to stack the
sentences, and thus, appellee fraudulently represented that the prosecutor
would seek to do so if a jury trial was requested. 

After
appellant filed his first amended petition, appellee filed a Motion to Dismiss
Pursuant to Chapter 14, Texas Civil Practices and Remedies Code.  On September 18, 2001, the trial court
granted appellee=s motion. After noting appellant had
filed Aat
least 39 lawsuits or other actions such as mandamus or habeas corpus@
since first being incarcerated, the trial court noted that appellant asserted Awhat
is essentially a legal malpractice claim which [appellant] attempts to recycle
as a fraud claim.@ 
The order also stated that appellant did not Aeven
assert that he is innocent and certainly has not established his innocence.@  Specifically, the trial court found that: A(1)
[the] plaintiff=s claim is frivolous; (2) the claims
realistic chance of ultimate success is slight; (3) the claim has no arguable
basis in law or in fact (see Peeler); and (4)the claim is substantially
similar to previous claims filed by the inmate because the claim arises from
the same operative facts.@[3] 
The trial court ordered appellant=s entire case dismissed.

Standard of Review








The
standard of review for a dismissal pursuant to Chapter 14 of the Civil
Practices and Remedies Code is whether the trial court abused its discretion.  See Hickson v. Moya, 926 S.W.2d 397, 398
(Tex. App.CWaco 1996, no writ).  If the court finds a claim brought by an
inmate to be frivolous or malicious, section 14.003 allows a court to dismiss
the claim either before or after service of process.  See Tex. Civ. Prac. & Rem. Code  ' 14.003(a)(2). In determining
whether a claim is frivolous or malicious, the court may consider whether (1)
the claim=s realistic chance of ultimate
success is slight, (2) the claim has no arguable basis in law or in fact, (3)
it is clear the party cannot prove facts in support of the claim, or (4) the
claim is substantially similar to a previous claim filed by the inmate because
the claim arises from the same operative facts.  Id. 
However, the Texas Supreme Court has discouraged reliance on whether the
claim=s
realistic chance of ultimate success is slight or whether it is clear the party
cannot prove facts in support of the claim as a basis for a claim=s
dismissal. See Johnson v. Lynaugh, 796 S.W.2d 705, 706 (Tex. 1990).

A
trial court=s dismissal of a claim without
conducting a fact hearing can be affirmed on appeal only if the claim has no
arguable basis in law.  See Retzlaff
v. Texas Dep=t of Criminal Justice, 94 S.W.3d 650, 653 (Tex. App.CHouston [14th Dist.] 2002, no pet h.); Lentworth v.
Trahan, 981 S.W.2d 720, 722 (Tex. App.CHouston [1st Dist.]
1998, no pet.).  Our review of whether a
claim is legally cognizable is de novo.   
Retzlaff, 94 S.W.3d at 653. 
Where no fact hearing is held, we affirm a dismissal under Chapter 14 of
the Civil Practice and Remedies Code upon any of the grounds presented in the
motion.  Id.  To determine whether the trial court properly
decided there was no arguable basis in law for appellant=s
suit, we examine the type of relief and causes of action appellant alleged in
his petition to determine whether, as a matter of law, the petition states a
cause of action authorizing relief.  See Lentworth, 981 S.W.2d at 722.

Analysis








In
six duplicative points of error, appellant maintains the trial court abused its
discretion in ordering a dismissal under Chapter 14.[4]  We agree with the trial court that appellant
is attempting to masquerade what essentially constitute legal malpractice
claims as intentional torts.  A claim
based upon the failure to exercise that degree of care, skill, and diligence
that a lawyer of ordinary skill and knowledge commonly possesses and exercises,
despite its labeling, is a malpractice claim.  See Kahlig v. Boyd, 980 S.W.2d 685, 689 (Tex. App.CSan Antonio 1998, pet. denied) (affirming
judgment n.o.v. on fraud claim Abecause the acts and omissions about
which [the client] complains fall within the ambit of a claim for malpractice,
a legal theory abandoned at trial@); Sledge v. Alsup, 759
S.W.2d 1,2 (Tex. App.CEl Paso 1988, no writ) (ANothing is to be gained by
fracturing a cause of action arising out of bad legal advice or improper
representation into claims for negligence, breach of contract, fraud or some other
name.@)  Because appellant=s
causes of action pertain to the quality of representation provided and his
contention that the alleged misrepresentations resulted in his waiver of a jury
trial, they amount to nothing more than allegations of legal malpractice.  See Greathouse v. McConnell, 982 S.W.2d
165, 172 (Tex. App.CHouston [1st Dist.] 1998, pet. denied) (stating that
although plaintiff alleged causes of action sounding in fraud, deceptive trade
practice, breach of fiduciary duty, and good faith and fair dealing they were
nothing more than claims of legal malpractice). 
A client convicted of a crime may maintain legal malpractice claims involving
that conviction only if he has been exonerated on direct appeal, through post‑conviction
relief, or otherwise.  See Douglas v.
Delp, 987 S.W.2d 879, 884 n.1 (Tex. 1999) (quoting Peeler v.
Hughes & Luce, 909 S.W.2d 494, 495 (Tex. 1995)).  It is the public policy of this state that
the person=s own criminal conduct is the sole
cause for the indictment and conviction. 
Id. 








In
arguing his first point of error, appellant maintains the trial court erred in
dismissing his fraudulent misrepresentation claim.  Appellant contends the exoneration
requirement does not apply to him because the alleged fraudulent
misrepresentation occurred during plea negotiations and not the criminal trial,
an exception he gleans from Satterwhite v. Jacobs, 26 S.W.3d 35, 37
(Tex. App.CHouston [1st Dist.] 2000), rev=d
in part, 65
S.W.3d 653 (Tex. 2001).  In that case, the court of appeals
reversed the trial court=s grant of a summary judgment and held that an inmate would
not be barred from bringing a malpractice suit arising from a pretrial bond
hearing even if he had not established exoneration. 26 S.W.3d at 37. 
This decision is based on the fact that the pretrial bond hearing did
not involve issues of guilt or innocence. 
Id.  However, the Supreme
Court reversed the court of appeals as the issue in question was not raised in
the motion for summary judgment.  Jacobs v. Satterwhite, 65 S.W.3d 653 (Tex. 2001).

We
find Peeler persuasive.  In that
case, the client, Carol Peeler, pleaded guilty and was sentenced to five years
probation and restitution.  Peeler,
909 S.W.2d at 496.  Subsequently, Peeler
sued her attorneys for malpractice, alleging he had failed to inform her during
plea negotiations that the government had offered transactional immunity in
exchange for her testimony against other individuals suspected of engineering
illegal tax write‑offs.  In
affirming the trial court=s grant of the attorneys=
motion for summary judgment, the Texas Supreme Court held that it is the
illegal conduct rather than the negligence of a convict=s
counsel that is the cause in fact of any injuries flowing from the conviction,
unless the conviction has been overturned. 
Id. at 497.

Appellant
claims appellee failed to inform him during plea negotiations that stacked
sentences could not be imposed and that appellee falsely informed him the
prosecutor would seek stacked sentences if he pursued a jury trial.  Nowhere in his pleadings does appellant
purport that he has been exonerated of guilt through direct appeal or
collateral attack on the conviction. 
Thus, under Peeler, he has failed to state a viable cause of
action, and the trial court did not err in finding his claims lacked arguable
merit in law and, therefore, frivolous. 

In
his second point of error, appellant contends the trial court abused its
discretion when it dismissed appellant=s claims for actionable and
constructive fraud.  To determine whether
each claim has an arguable basis in law, we examine each cause of action in
turn. See Lentworth, 981 S.W.2d at 722.








Constructive
fraud is the breach of some legal or equitable duty that, irrespective of moral
guilt, the law decrees fraudulent because of its tendency to deceive others, to
violate confidence or to injure public interests.  Newman v. Link, 866 S.W.2d 721 (Tex.
App.CHouston
[14th Dist.] 1993, writ denied).  The
events giving rise to appellant=s claims occurred during plea
negotiations.  Because appellant has not
been exonerated, he cannot recover from his attorney for malpractice based on
that representation.  Peeler, 909
S.W.2d at 498.  Actionable fraud, on the
other hand, is a material misrepresentation, which was false, and which was
either known to be false when made or was asserted without knowledge of its
truth, which was intended to be acted upon, which was relied upon by the party,
and which caused injury.  Sears,
Roebuck & Co. v. Meadows, 877 S.W.2d 281, 282 (Tex. 1994).   Appellant contends appellee materially
misrepresented the State=s ability to request the stacking of
sentences, thereby causing him to forego a trial by jury.  He also claims appellee repeated this
misrepresentation in subsequent affidavits accompanying appellant=s
applications for writs of habeas corpus. 
Like the constructive fraud claim, the actionable fraud cause of action
is rooted in the legal representation which occurred during the plea
negotiations.  Though these affidavits
were filed several years after appellant=s trial, their content explained the
facts and circumstances of the original plea negotiations.  We find both of appellant=s
fraud causes of action have no arguable basis in law and therefore overrule his
second point of error.  Peeler,
909 S.W.2d at 498.

Because
Peeler is controlling and applicable, we find that appellant has no
arguable basis in law for his claims because he has not been exonerated of his
crime through direct appeal or post conviction relief.  909 S.W.2d 494.  Having made such a determination, we overrule
appellant=s remaining points of error.  Therefore we find the dismissal of appellant=s
claims was appropriate.  Retzlaff,
94 S.W.3d at 653.








Conclusion

For the foregoing reasons, we affirm
the judgment of the trial court.

 

 

 

/s/        Eva
M. Guzman

Justice

 

Affirmed and Substitute Memorandum
Opinion filed September 18, 2003.

Panel consists of Justices Edelman,
Seymore, and Guzman.

 

 











[1]  In 1993,
appellant=s fifty year sentence was reduced after it was
determined that Texas Penal Code section 3.03 prohibited consecutive sentences
from being imposed in a single criminal action where all of the offenses were
committed during the same criminal episode. See Ex Parte Downs, Nos.
71,636, 71,637, (Tex. Crim. App. April 14, 1993) (per curiam) (not designated
for publication) (relying on LaPorte v. State, 840 S.W.2d 412, 415 (Tex.
Crim. App. 1992). 





[2]  Appellant was
formerly known as Damon Downs.





[3]  The trial
court=s order tracked the statutory language of Tex. Civ. Prac. & Rem. Code  ' 14.003.





[4]  Specifically,
he contends the trial court abused its discretion when it: (1) dismissed
appellant=s fraudulent misrepresentation claim as barred by his
criminal conviction; (2) dismissed appellant=s
actionable and constructive fraud claims as barred by his criminal conviction;
(3) dismissed appellant=s claims as barred by res judicata; (4) dismissed
appellant=s claims on the basis that they are substantially
similar to a previous claim because they arose from the same operative facts;
(5) dismissed appellant=s claims as barred by limitations; and (6) dismissed
appellant=s claims on the basis that the ultimate chance of
success was slight.  In framing his
points of error in such fashion, appellant presents subsidiary and redundant
points of error separate and apart from the central issue on appealCthe propriety of the dismissal under Tex. Civ. Prac. & Rem. Code  '
14.003(b).  However, the gravamen of the
complaint is that the trial court erred in granting appellee=s motion to dismiss, and we decline to fracture the
issue to afford appellant the polymeric analysis he requests. Points of error
four and six invoke the statutory language. 
We also observe that the trial court=s order
was not premised upon either res judicata or the statute of limitations.  In Howell v. Texas Dep=t of Criminal Justice, the court 
noted that a dismissal of an inmate=s suit Ashould technically not have been a dismissal based on
res judicata@ but based upon the specific statutory language
concerning Asubstantially similar@ claims
arising from the Asame operative facts.@ 28
S.W.3d 125, 127B28 (Tex. App.CTexarkana
2000, no pet.).  The Howell court
held the analysis was identical under either circumstance.  Id. at 128.  Thus, appellant=s third
and fourth points are identical.