NUMBER 13-02-658-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

CHRISTOPHER LYNN GARDNER,                                            Appellant,

v.
 
LORI K. REDMOND,                                                                    Appellee.
                                                                                                                                      

On appeal from the 24th District Court of De Witt County, Texas.
                                                                                                                      

DISSENTING OPINION

Before Justices Hinojosa, Yañez, and Garza
Dissenting Opinion by Justice Yañez
 

         The majority holds that the sole proximate cause bar established in Peeler v.
Hughes & Luce, 909 S.W.2d 494, 497-98 (Tex. 1995), applies to appellant’s legal
malpractice claim. Accordingly, the majority holds that the injury complained of by the
appellant was caused by his illegal conduct because the injury “relates to” his
conviction, and as a result, summary judgment in favor of the appellee was proper. 
However, I would hold that the injury is separate and distinct from appellant’s
conviction and his claim is not excluded by the sole proximate cause bar in Peeler. As
a result, genuine issues of material fact exist which would prevent summary judgment
in this case.
Factual Background
         Appellant, Christopher Lynn Garner, was charged with three counts of
aggravated robbery, and pleaded nolo contendre to three counts of robbery as a result
of a plea agreement. The plea agreement provided for no affirmative finding of a
deadly weapon and assessed punishment at three concurrent fifteen-year prison
sentences. Garner later contacted appellee, Lori K. Redmond, an attorney, to represent
him in a parole review hearing. She did so on two occasions, once in 1999 and again
in 2000, both of which resulted in unfavorable outcomes for Garner.
         Following his first parole denial, Redmond sent Garner a letter representing that
Garner was incarcerated for a “3G” offense. Garner, in the belief that his sentence
was erroneously entered as an aggravated robbery, rather than the lesser-included
offense of robbery agreed to in the plea bargain, filed an application for a writ of
habeas corpus. The court of criminal appeals denied the application, finding that the
trial court’s written order complied with the plea agreement.
         Garner then sued for legal malpractice, arguing that Redmond’s negligence
caused him to file the writ of habeas corpus, thereby expending his only writ of habeas
corpus.


 Both parties moved for summary judgment, and the trial court granted
Redmond’s motion and denied Garner’s.
Summary Judgment Standard of Review
         We review a trial court’s grant or denial of summary judgment de novo. Nixon
v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985). A summary judgment
movant has the burden of showing that there is no genuine issue of material fact and
that it is entitled to judgment as a matter of law. Id. at 548; CIGNA Lloyds Ins. Co.
v. Bradley’s Elec., Inc, 33 S.W.3d 102, 104 (Tex. App.–Corpus Christi 2000, pet.
denied). Where the only question presented to the trial court was a question of law
and both sides moved for summary judgment, the appellate court should render the
judgment the trial court should have rendered. Jones v. Strauss, 745 S.W.2d 898,
900 (Tex. 1988); Bradley’s Elec., Inc., 33 S.W.3d at 104.
Sole Proximate Cause Bar
         The majority’s opinion rests exclusively on the holding in Peeler that “as a
matter of law, it is the illegal conduct rather than the negligence of a convict’s counsel
that is the cause in fact of any injuries flowing from the conviction.” Peeler, 909
S.W.2d at 498. Had the appellant filed his lawsuit against appellee arguing that her
negligence resulted in his not being released on parole, I would agree that the Peeler
standard applies. However, he instead argues that he has used his one and only
application for a writ of habeas corpus


 due to appellee’s negligence.
         In Peeler, the appellant sued her attorney, who had represented her regarding
her guilt or innocence, for failing to inform her of an immunity offered by the
government. Id. at 496. The supreme court held that, as a matter of public policy,
convicted criminals “may negate the sole proximate cause bar to their claim for legal
malpractice in connection with that conviction only if they have been exonerated on
direct appeal, through post-conviction relief, or otherwise.” Id. at 497-98 (emphasis
added).
         However, it is possible for “the circumstances and policy considerations
involved in Peeler” to not be involved in a legal malpractice claim by a convicted
criminal, thereby rendering Peeler inapplicable. Satterwhite v. Jacobs, 26 S.W.3d 35,
37 (Tex. App.–Houston [1st Dist.] 2000, pet. granted); rev’d on other grounds, 65
S.W.2d 653 (Tex. 2001). In Satterwhite, the convicted criminal (Satterwhite) sued
his attorney who had represented him at a motion to hold defendant without bond
hearing. Id. at 36. He argued that the attorney’s negligence and breach of duty
resulted in his being confined prior to trial, placing him at a disadvantage in other
pending legal matters and causing severe emotional and mental distress. Id. 
Satterwhite was later represented by another attorney and pleaded guilty to the
charges. Id. In reversing the trial court’s grant of summary judgment in favor of the
attorney, the court of appeals reasoned that Satterwhite’s claim was not based on the
legal representation he had received during his criminal trial, the conviction was
irrelevant to the claim for legal malpractice, and the issue from which the claim for
legal malpractice arose did not involve the issue of Satterwhite’s ultimate guilt or
innocence. Id. Therefore, the court concluded that “the nature of Satterwhite’s action
in [that] case [was] materially different from that in the case before the supreme court
in Peeler.” Id.
         The present case is similar to Satterwhite in that the injury complained of does
not arise out of Redmond’s representation of Garner at his criminal trial. Id. Instead,
it arises from her representation of Garner at his parole hearings, or more specifically,
from her misrepresentations to Garner following his parole hearings. In addition,
Garner’s conviction is irrelevant to the claim he now asserts against Redmond. Id. He
did not challenge his conviction in the trial court, nor does he do so on appeal. Simply
because a convicted criminal has a right to a writ of habeas corpus


 does not in
essence make his criminal conviction relevant to his claim for legal malpractice. 
Finally, Garner’s ultimate guilt or innocence is not at issue in this court, nor was it at
issue in the trial court or in any of the parole hearings giving rise to Garner’s claim. 
Id. These factors suggest that Garner’s injuries do not flow from the conviction, but
rather from the claimed negligence. Therefore, the injury is not connected to and does
not relate to his conviction.
         Because the injury claimed by Garner and the underlying legal representation
provided by Redmond are “materially different” from those claimed in Peeler, I would
hold that the Peeler standard does not apply here. As such, there is no sole proximate
cause bar to Garner’s claim and a genuine issue of material fact exists that would
preclude summary judgment for either party. Accordingly, the judgment of the trial
court should be reversed and remanded for a trial on the merits.
 
 
                                                                                                                       
                                                               LINDA REYNA YAÑEZ
                                                                           Justice





Dissenting opinion delivered and filed this the
5th day of August, 2004.