George O. JACOBS, Petitioner,

v.

William SATTERWHITE, Jr., Respondent.

No. 00–1103.

Supreme Court of Texas.

Dec. 13, 2001.

Rehearing Overruled Feb. 28, 2001.

George O'Neal Jacobs, George O. Jacobs & Assoicates, Houston, for Petitioner.

William Satterwhite, Jr., Satterwhite & Associates, P.C., Houston, for Respondent.

PER CURIAM.

William Satterwhite sued his former criminal defense attorney, George Jacobs, for professional negligence and breach of contract. Jacobs moved for summary judgment on the professional negligence claim, asserting that *Peeler v. Hughes & Luce,* 909 S.W.2d 494 (Tex.1995), precluded Satterwhite's claim as a matter of law. Satterwhite responded that he was asserting only a claim for breach of contract. The trial court granted summary judgment without stating the grounds. On appeal, Satterwhite complained that the trial court erred by granting summary judgment on the breach-of-contract claim because it was not addressed in Jacobs's motion for summary judgment, but he did not complain about the summary judgment on the professional negligence claim. Without distinguishing between the professional negligence and breach-of-contract claims, the court of appeals reversed and remanded the cause to the trial court. 26 S.W.3d 35. We reverse and render in part and affirm in part the court of appeals' judgment.

Satterwhite was charged with falsely holding himself out as a lawyer. He hired Jacobs, a licensed attorney, to represent him at a hearing on the State's "Motion to Hold Defendant Without Bond." The trial court granted the State's motion, and Satterwhite was ordered incarcerated pending trial. Satterwhite alleges that his incarceration was due to Jacobs's "negligence and wilful and wanton conduct" at the hearing and that Jacobs violated his oral contract with Satterwhite to "vigorously appeal" the trial court's ruling and to "vigorously prepare for and try the criminal charge." According to Satterwhite's affidavit, Jacobs did file a notice of appeal, but in the wrong court, and then failed to pursue the matter further. Jacobs contends that although Satterwhite did not

pay him any additional fees, Jacobs made sure that the appeal was "promptly filed and perfected." Ultimately, Satterwhite retained new counsel, pleaded guilty to the felony offense of falsely holding himself out as a lawyer, and accepted ten years probation. Satterwhite then sued Jacobs for $750,000 in actual and punitive damages allegedly resulting from "Defendant's negligence and breach of his contract with Plaintiff."

Jacobs moved for summary judgment on the professional negligence claim. He argued that under this Court's ruling in *Peeler*, Satterwhite could not prove that Jacobs caused his damages. *See Peeler* 909 S.W.2d at 498 ("[A]s a matter of law, it is the illegal conduct rather than the negligence of a convict's counsel that is the cause in fact of any injuries flowing from the conviction, unless the conviction has been overturned."). Jacobs did not address the breach-of-contract claim in his motion for summary judgment. In his response, Satterwhite apparently abandoned any professional negligence claim alleged in his petition. He stated that his "sole cause of action against Defendant is based on breach of contract and is not founded in whole or in part on legal malpractice." In addition, he alleged in his affidavit that his "cause of action ... is based on breach of contract and not legal malpractice."

■ The trial court granted Jacobs's motion for summary judgment without stating the grounds and "order[ed][t]hat Plaintiff take nothing and that Defendant recover costs from Plaintiff." In *Lehmann v. Har–Con Corp.,* we stated that "[l]anguage that the plaintiff take nothing by his claims in the case ... shows finality if there are no other claims by other parties." 39 S.W.3d 191, 205 (Tex.2001). In addition, "if a defendant moves for summary judgment on only one of [multiple]

claims asserted by the plaintiff, but the trial court renders judgment that the plaintiff take nothing on all claims asserted, the judgment is final—erroneous, but final." *Id.* at 200. Accordingly, the trial court's judgment was a final judgment encompassing both the breach-of-contract and the professional negligence claims; but because the breach-of-contract claim was not addressed in Jacobs's motion, summary judgment on that claim was erroneous. *Id.; see also Black v. Victoria Lloyds Ins. Co.,* 797 S.W.2d 20, 27 (Tex. 1990) ("A summary judgment movant may not be granted judgment as a matter of law on a cause of action not addressed in a summary judgment proceeding.").

■ In the court of appeals, Satterwhite argued that the trial court erred in granting summary judgment on his breach-of-contract claim because Jacobs's motion did not address that claim. Although Satterwhite also included a point of error asserting that "there were disputed issues of material facts precluding summary judgement," Satterwhite's appellant's brief reiterated that he was pursuing only a breach-of-contract claim and never complained that summary judgment was improper on the professional negligence claim. The court of appeals, after concluding that *Peeler* did not bar Satterwhite's claims, reversed and remanded to the trial court without distinguishing the professional negligence and breach-of-contract claims. 26 S.W.3d at 37.

The court of appeals erred in reversing summary judgment on the professional negligence claim because Satterwhite never complained about the summary judgment on that claim. Thus, Satterwhite waived any error with regard to the professional negligence claim. *See San Jacinto River Auth. v. Duke,* 783 S.W.2d 209, 209–10 (Tex.1990) (stating that it is a "well-established rule that grounds of er-

ror not asserted by points of error or argument in the court of appeals are waived"). Accordingly, we reverse that part of the court of appeals' judgment reversing and remanding the professional negligence claim, and we render judgment that Satterwhite take nothing on that claim. As noted, however, summary judgment was improper on the breach-of-contract claim and Satterwhite preserved that complaint on appeal.[1] Accordingly, the breach-of-contract claim must be remanded to the trial court, and therefore we affirm that part of the court of appeals' judgment.

---

1. Because it was not raised in the trial court, in the court of appeals, or in the parties' briefing before this Court, we do not consider whether Satterwhite has a viable breach-of-contract claim independent of his professional negligence claim.