Affirmed and Opinion filed _____________, 2002













Affirmed and
Memorandum Opinion filed June 26, 2003.                                                    

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01150-CV  

____________

 

RUDY A. HINGST,
Appellant

 

V.

 

PROVIDIAN NATIONAL
BANK, Appellee

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



On Appeal from County Civil Court at Law No. 2

                                                        Galveston
 County, Texas                    

Trial Court Cause
No. 47,473




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



M E M O R
A N D U M   O P I N I O N

            Rudy Hingst
appeals from a summary judgment favoring Providian National Bank on its
no-evidence motion.  In a prior lawsuit,
Providian sued Hingst to collect on a defaulted
credit card account.  After the parties
settled that lawsuit, Hingst filed the present
action, alleging (1) usury, (2) breach of the duty of good faith and fair
dealing, and violations of (3) the Texas Deceptive Trade Practices Act (DTPA),[1]
(4) the Texas Debt Collection Act (TDCA),[2]
and (5) the federal Fair Debt Collection Practices Act (FDCPA).[3]  We apply the usual standards of review for
no-evidence summary judgments.[4]  Because all dispositive
issues are clearly settled in law, we issue this memorandum opinion.[5]

DTPA, TDCA and FDCPA
Claims

            In its no-evidence motion, Providian
argued (among other matters) there was no evidence to support the damages
element of any of Hingst’s claims under the DTPA, the
TDCA, or the FDCPA.[6]  In his response, Hingst
contended his damages arose because he paid more to settle the prior lawsuit
than the amount he actually owed on his credit card account.  

            In an affidavit attached to the
response, Hingst’s wife stated she contacted
Providian on March 16, 1999,
and was told by an unnamed person with Providian the balance was
$7,561.38.  In his own affidavit, Hingst says he was told on March 29, 1999, that the
“payoff” amount was over $10,000 and “legal fees had been added to the balance
due because the obligation had now been turned over to Providian’s attorneys so
that suit could be filed.”  Providian
then offered to accept and Hingst agreed to pay
$9,500 in settlement of the debt and the lawsuit.  Hingst blames Providian
for making him pay too much.

            In his brief, Hingst
asserts the outstanding balance on his credit card was $7,561.38, based on his
wife’s testimony.  There is no evidence
this amount included interest; the only credit card statement Hingst attached to his response showed this amount as the
outstanding balance more than one year earlier, and Hingst
presents neither cancelled checks nor even a bare allegation that he had paid
anything in the interim.  At the 19.4%
rate shown on the credit card statement, more than $1,500 in interest would
have accrued by the time of the settlement. 
Added to the $1,000 in attorney’s fees conceded by Hingst,
the total due exceeds the $9,500 Hingst paid.  Based on this evidence, there is no evidence Hingst overpaid anything.

            Moreover, Hingst
has presented no evidence the entire “overpayment” did not represent reasonable
attorney’s fees.  Hingst
admitted he was told that attorney’s fees had been added to his balance, but
presented no expert testimony or other evidence that $2,000 was an unreasonable
fee.  He submitted deposition excerpts
and exhibits showing Providian contracted with its attorney in the first suit
for a 33% contingent fee if a responsive pleading was filed, but only a 10% fee
(plus costs) in Hingst’s case because the case was
settled before Hingst filed an answer.  But Providian was entitled to a reasonable fee;[7]
the contingency fee it agreed to pay its own attorney does not make that amount
the ipso facto reasonable fee.[8]  Again, Hingst has
not presented any evidence that $2,000 was not a reasonable fee, and thus that
he overpaid anything.

            Hingst’s
evidence created no more than a surmise or a suspicion that the amount he owed
was lower than the amount he paid, and is not sufficient to raise a fact issue.
 Accordingly, the trial court did not err
in granting the no-evidence summary judgment.

Overpayment

            Hingst
also contends he pleaded a cause of action for “over-payment” that was not
addressed in Providian’s no-evidence motion, and thus the trial court erred in
entering summary judgment.  Because overpayment was
specifically challenged by Providian’s no-evidence motion, and no more than a
scintilla of evidence was presented to show any overpayment, the trial court
did not err in granting the summary judgment as to this claim as well.[9]

 

 

Abandoned Claims

            Although Hingst
also pleaded usury and good faith and fair dealing claims, he has not raised
any objection on appeal to the summary judgment granted on them.  Accordingly, any objection has been waived.[10]

            The judgment of the trial court is
affirmed.

 

 

                                                                                                

                                                                                    /s/        Scott Brister

                                                                                                Chief
Justice

 

Judgment
rendered and Memorandum Opinion filed June
 26, 2003.

Panel consists of Chief Justice
Brister and Justices Fowler and Frost.











[1] Tex. Bus. & Com. Code §
17.41–.63.





[2] Tex. Fin. Code § 392.001–.404.





[3] 15
U.S.C. §§ 1692–1692.





[4] See Tex.
R. Civ. P. 166a; Wal-Mart Stores, Inc. v. Rodriquez, 92
S.W.3d 502, 506 (Tex. 2002).





[5] See Tex.
R. App. P. 47.4.





[6]
Actual damages are an element of each of Hingst’s
causes-of-action.  See Tex. Bus. & Com. Code § 17.50(a)
(DTPA); Tex. Fin. Code § 392.403(a)(2)
(TDCA); 15 U.S.C. § 1692k(a)(1)
(FDCPA).





[7] See Tex.
Civ. Prac. & Rem. Code
§ 38.001.





[8] See Arthur Andersen & Co. v. Perry Equip. Corp., 945 S.W.2d 812,
818 (Tex. 1997).





[9] See Lampasas v. Spring
Center, Inc., 988 S.W.2d 428, 436–37
(Tex.App.—Houston [14th Dist.] 1999, no pet.).





[10] See Jacobs v. Satterwhite,
65 S.W.3d 653, 655 (Tex. 2001)
(per curiam) (holding court of appeals erred in
reversing summary judgment on claim when nonmovant
did not complain about the summary judgment on that claim).