Affirmed and Memorandum Opinion filed March 30, 2004









Affirmed and Memorandum
Opinion filed March 30, 2004.

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-00785-CV

_______________

 

MOREECY DAY, JR., WILFRED DAY, BAILEY DAY, 

JOHNNIE LEE DAY, ROBERT LEE DAY, JAMES EARL DAY,

AND GLORIA DAY MAXFIELD, Appellants

 

V.

 

DORIS RUTH JERICHO, JERRY LYNN
JERICHO, GARY WAYNE JERICHO, DEBORAH JERICHO HADLEY, BEVERLY LYNN JERICHO
MORELAND,

AND MARY ELIZABETH JERICHO LANG, Appellees

_________________________________________________

 

On Appeal from the 85th District Court

Brazos County, Texas

Trial Court Cause No. 47,485-B

_________________________________________________

 

M E M O R A N D U M 
 O P I N I O N

 








In
this real property title dispute, Moreecy Day, Jr., Wilfred Day, Bailey Day,
Johnnie Lee Day, Robert Lee Day, James Earl Day, and Gloria Day Maxfield
(collectively, the ADays@) appeal a judgment in favor of Doris Ruth Jericho, Jerry
Lynn Jericho, Gary Wayne Jericho, Deborah Jericho Hadley, Beverly Lynn Jericho
Moreland, and Mary Elizabeth Jericho Lang (collectively, the AJerichos@) on the grounds that the trial court
erred by: (1) declaring that the Days have no interest in the property because
they did not qualify in a timely manner with section 42 of the Texas Probate
Code; and (2) refusing to grant the Days= motion for summary judgment,
refuting that the Jerichos had established title to the property by adverse
possession.  We affirm.

Background

In
1998, the Grimes County Appraisal District and Brazos County sued the Jerichos
for delinquent property taxes dating back to 1978.  Among other things, the Jerichos filed a
cross action against the Days for a declaratory judgment that the Jerichos held
clear title to the property in question as the wife and heirs of Richard
Jericho, who purchased it in 1953 from Virginia Hill.  Conversely, the Days claimed an interest in
the property as the heirs of another child of Hill=s father whose interest, they
contend, was not conveyed in the deed to Jericho.  The parties filed cross motions for summary
judgment on their title claims, and the trial court granted summary judgment,
among other things, declaring that: (1) the Jerichos held title to the property;
and (2) the Days had no interest in the property because they failed to qualify
in a timely manner with section 42.  This
part of the case was subsequently severed from the original property tax
action.

Standard
of Review

A
traditional summary judgment may be granted if the motion and summary judgment
evidence show that there is no genuine issue of material fact and the moving
party is entitled to judgment as a matter of law on the issues expressly set
out in the motion or response.  Tex. R.
Civ. P. 166a(c).  On appeal, we review
the summary judgment de novo.  Provident
Life & Accident Ins. Co. v. Knott, __ S.W.3d __, __ (Tex. 2003).  However, we may not reverse a summary
judgment on a basis not raised by the appellant on appeal.  See Jacobs v. Satterwhite, 65 S.W.3d
653, 655-56 (Tex. 2001). 








Application of Section 42

The
Days= first point of error challenges the
trial court=s ruling that they failed to qualify
with the provisions of section 42 in a timely manner because section 42(b)(1)[1]
has no time constraints.  However, even
if the Days are correct with regard to section 42(b)(1) having no time
constraints, which we need not decide, the Jerichos= motion for summary judgment was
instead based on the application of section 42(b)(2).[2]  Because the Days= brief does not address or challenge
the application of section 42(b)(2) in any manner (neither with regard to
timeliness or otherwise), it fails to demonstrate any error by the trial court
in granting summary judgment based on that provision.[3]  Accordingly, the Days= first point of error is overruled,
we need not address their remaining point (challenging the Jerichos= alternative theories and summary
judgment grounds for seeking title to the property), and the judgment of the
trial court is affirmed.

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Memorandum Opinion filed March 30, 2004.

Panel consists of
Justices Fowler, Edelman, and Seymore.

 











[1]           See
Tex. Prob. Code Ann. ' 42(b)(1) (Vernon 2003) (allowing a person claiming to
be a biological child of the decedent, but who is not otherwise presumed to be
a child of the decedent, or claiming inheritance through a biological child of
the decedent, who is not otherwise presumed to be a child of the decedent, to
petition the probate court for a determination of the right of inheritance).





[2]           See
id. ' 42(b)(2) (providing circumstances in which a
purchaser of property for value, who relies in good faith on an affidavit of
heirship, acquires good title as against a child not named in the affidavit).





[3]           See
Malooly Bros., Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970) (recognizing
that a summary judgment may not be reversed where a ground on which it was
sought has not been challenged on appeal).