Affirmed and Memorandum Opinion filed February 8, 2005









Affirmed
and Memorandum Opinion filed February 8, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00830-CV

____________

 

JOHN D. RICHARDSON, Appellant

 

V.

 

MICHAEL J. DARLOW
AND PERDUE, BRANDON, FIELDER, COLLINS & MOTT, L.L.P., Appellees

 



 

On Appeal from the 56th
Judicial District Court

Galveston County, Texas

Trial Court Cause No. 99CV0935-A

 



 

M E M O R A N D U M  O P I N I O N

Appellant John D. Richardson appeals the
trial court=s summary judgment in favor of
appellees.  Appellant=s claims stem from
the foreclosure judgment and sale of his real property for delinquent
taxes.  We affirm.

Factual and
Procedural Background








In 1992, Dickinson Independent School
District (AD.I.S.D.@) filed suit
against appellant for non-payment of delinquent property taxes, penalties,
interest, and costs owed by appellant and sought to foreclose on its tax liens
(the Atax foreclosure
suit@).  Appellees, the law firm of Perdue, Brandon,
Fielder, Collins & Mott, L.L.P., and Michael Darlow, a partner in the law
firm, represented D.I.S.D. and two other taxing entities, the Galveston County
Education District and the San Leon Municipal Utility District, that joined in
the tax foreclosure suit. 

          On their clients= behalf, appellees
attempted to personally serve appellant with the tax foreclosure suit.  However, after several unsuccessful attempts
at personal service, in July 1994, appellees requested that appellant be served
with citation by publication.[1]  Appellant was served with citation by
publication but did not appear and answer the tax foreclosure suit.  The trial court appointed an attorney ad
litem to represent appellant in the suit. 
In 1997, the trial court entered a judgment against appellant and in
favor of the four taxing entities for delinquent taxes, and appellant=s real property
was judicially foreclosed upon and sold to satisfy the judgment.  

Upon learning of the foreclosure judgment
and sale of his property, appellant filed this lawsuit in 1999 against
appellees, the taxing entities, and the individual who had purchased the
property.  In his fourth amended
petition, appellant essentially alleges D.I.S.D. and the appellees executed
false affidavits, caused a state court to authorize citation by publication,
and, on the basis of such citation, caused a judgment to be rendered against
him without allowing him an opportunity to have a court hearing.  Specifically, appellant asserts common law
fraud and claims alleging violations of 42 U.S.C. section 1983 against
appellees and D.I.S.D.; a negligent misrepresentation claim against appellees;
and a bill of review action against D.I.S.D. 

Appellees filed a motion for summary
judgment and no-evidence summary judgment based on the following grounds:








1.       Absolute privilege extends to judicial
proceedings including any statement made by counsel;

2.       Attorneys cannot be held liable for
wrongful litigation conduct; and

3.       [Appellant]
failed to produce any evidence to show [appellees] Darlow and [the law firm]
engaged in common law fraud, negligent misrepresentation or a civil rights
violation under 42 U.S.C. section 1983. 

The trial court granted a partial summary judgment in
favor of appellees without stating the grounds and dismissed appellant=s claims against
the appellees with prejudice.  The trial
court severed the partial summary judgment into a separate cause number,
99CV0935-A.  The very same day, the trial
court also granted a separate partial summary judgment in favor of
D.I.S.D.   

Appellant filed a late notice of appeal Afrom the Partial
Summary Judgment signed by [the trial] court on May 21, 2003, granted in favor
of Michael J. Darlow and Perdue, Brandon, Fielder, Collins & Mott, L.L.P.,
severed from 99CV-0935 and assigned the separate cause number of 99CV-0935-A.@  We granted appellant=s motion to extend
time to file a late notice of appeal.  

Discussion

On appeal, appellant complains the
foreclosure judgment on his property should have been vacated because it is
void due to lack of jurisdiction and extrinsic fraud.  Appellant specifically raises two issues,
complaining the affidavit used as a basis for citation by publication in the
tax foreclosure suit is invalid because it is (1) conclusory and (2) false. 








Appellant=s appellate
arguments are directed at his bill of review action alleged against D.I.S.D. in
which appellant sought to have the judgment of foreclosure on his property
vacated on the ground of extrinsic fraud.[2]  Appellant=s arguments on
appeal are not directed at the summary judgment granted in favor of
appellees, and this is confirmed by a review of appellant=s brief and the
appellate record.  This is so despite
appellant explicitly having been given a second chance by this court to brief
the merits of the summary judgment in favor of appellees.[3]  

Appellees contend appellant=s refusal to brief
the merits of the summary judgment granted in their favor constitutes waiver of
any argument in opposition to the summary judgment on appeal.  We agree that grounds of error not asserted
in the court of appeals are waived.  See
Tex. R. App. P. 38.1(e), (h);
Jacobs v. Satterwhite, 65 S.W.3d 653, 655B56 (Tex. 2001)
(per curiam) (holding appellate court may not reverse a summary judgment on a
basis not raised by the appellant on appeal). 
Nowhere in his brief does appellant challenge the specific grounds on
which appellees sought and obtained summary judgment in the trial court.[4]  Instead, appellant focuses his arguments on
the merits of his bill of review claim alleged against D.I.S.D., who is not
a party to this appeal.  

The trial court did not specify a basis
for its ruling on the motion for summary judgment; thus, on appeal, appellant
is required to show that each of the independent grounds asserted in support of
summary judgment was insufficient to support the trial court=s ruling.  Star‑Telegram, Inc. v. Doe, 915
S.W.2d 471, 473 (Tex. 1995).  In his
brief, appellant does not complain of the summary judgment rendered in favor of
appellees on his negligent misrepresentation, fraud, and section 1983 claims,
nor has appellant shown that any of the traditional or no-evidence
grounds asserted in the appellees= motion for
summary judgment are insufficient. 
Therefore, we conclude any objection to the summary judgment has been
waived.  








Moreover, despite appellant=s failure to
assign error on appeal to the summary judgment in favor of appellees, applying
the familiar standards of review, we conclude summary judgment in favor of
appellees was proper.  See Provident
Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215B16 (Tex. 2003); Dolcefino
v. Randolph, 19 S.W.3d 906, 916B 17 (Tex. App.CHouston [14th
Dist.] 2000, pet. denied).  First, the conduct
complained of by appellant involves acts or omissions appellees undertook as
part of the discharge of their duties as counsel to an opposing party and is
not actionable.[5]  See Chapman Children=s Trust v. Porter
& Hedges, L.L.P., 32 S.W.3d 429, 441 (Tex. App.CHouston [14th
Dist.] 2000, pet. denied) (holding Aan attorney=s conduct is not
actionable even if it is frivolous or without merit as long as the attorney=s alleged conduct
was part of discharging his duties in representing his client@).  Second, appellees moved for a no-evidence
summary judgment on each of their claims, and appellant failed to respond to
the no-evidence motion with evidence raising a fact issue on the essential
elements of his negligent misrepresentation, fraud, and section 1983
claims.  Therefore, we conclude the trial
court did not err in granting summary judgment in favor of appellees.

The judgment of the trial court is
affirmed.

 

 

 

 

 

/s/      John S. Anderson

Justice

 

Judgment
rendered and Memorandum Opinion filed February 8, 2005.

Panel
consists of Justices Anderson, Hudson, and Frost.











[1]  This method of
service is curious inasmuch as in 1993, appellant received tax statements
mailed by Galveston County to his correct address, a P.O. Box in Corpus
Christi, Texas, and he continued to receive mail from Galveston County at that
address through 1997.  Similarly, in
1994, appellant received tax statements mailed by D.I.S.D. to the same P.O. Box
and continued to receive mail from the school district at that address through
1998.





[2]  In his
appellate brief, appellant cites to allegations made in his fifth amended
petition.  This petition was filed two
days after the trial court signed the partial summary judgments in favor
of appellees and D.I.S.D.





[3]   Appellant
initially filed an appellant=s brief challenging the trial court=s summary judgment in favor of D.I.S.D. and included
D.I.S.D. as an appellee in this appeal. 
In response, D.I.S.D. filed motions to dismiss the appeal.  We denied D.I.S.D.=s motions to dismiss because there is no appeal by
appellant of the summary judgment order in favor of D.I.S.D., and thus, no
appeal to dismiss.  Because appellant=s brief was not in compliance with the rules, we
specifically ordered appellant to file an amended brief challenging the order
granting summary judgment in favor of appellees.





[4]  For example,
attached to appellant=s brief is the partial order of summary judgment
granted in favor of D.I.S.D. instead of the order granted in favor of
appellees.





[5]  Darlow avers
in affidavits attached to the appellees= motion
for summary judgment that he and the law firm attempted to serve appellant with
citation three times, at different addresses, to no avail, and that he made
further inquiry using other means but was unable to obtain any other
information regarding appellant=s whereabouts. 
Darlow states, AIt was only after a diligent inquiry as to [appellant=s] whereabouts did I execute an affidavit requesting
citation of service by posting.@