Opinion issued March 1, 2007

 









In The

Court of Appeals

For The

First District of Texas






NO. 01-05-00606-CV






A & L MOTOR SALES, LLC d/b/a A & L MOTOR SALES, Appellant


V.


AUTONATION DIRECT.COM, INC. d/b/a AUTO ADVERTISING
SERVICES, Appellees






On Appeal from the County Court at Law No. 4

Harris County, Texas

Trial Court Cause No. 798,016






MEMORANDUM OPINION

 Appellant, A & L Motor Sales, LLC, appeals from the trial court's judgment
in the amount of $7,084 in damages in favor of appellee, AutoNation. In three issues,
A & L Motor Sales contends that the evidence was legally and factually insufficient
to prove there was a contract between the parties, to prove that A & L Motor Sales
had ratified an otherwise invalid agreement, or to support the damage award. In two
remaining issues, A & L Motor Sales contends that the trial court erred by denying
A & L Motor Sales' special appearance and by admitting into evidence an incomplete
copy of the contract.

 We conclude that A & L Motor Sales has waived its right to challenge the trial
court's judgment because it failed to challenge all the grounds on which the judgment
may have been rendered. A & L Motor Sales has challenged the claims for breach of
contract and ratification, but failed to challenge unjust enrichment and quantum
meruit. We must therefore uphold the damages. Concerning the special appearance,
A & L Motor Sales has failed to adequately brief the issue. The special appearance
complaint is therefore also waived. We affirm. 

Background

 AutoNation, doing business as Auto Advertising Services, provided advertising
"leads" to connect auto dealerships with prospective Internet customers interested in
buying vehicles. One business that received leads from AutoNation was A & L
Motor Sales, a Pennsylvania dealership. A & L Motor Sales paid for the service on
a monthly basis from September 2001 until May 2002, when it ceased making
payments. AutoNation sued for the unpaid invoices from May 2002 to November 30,
2002. After a demand letter was sent to A & L Motor Sales, AutoNation filed this
lawsuit.

 AutoNation's live pleading, the second amended original petition that was filed
on January 3, 2005, asserted that A & L Motor Sales entered into a written agreement
dated September 25, 2001, and that the person signing the agreement on behalf of
A & L Motor Sales had actual or apparent authority to enter the agreement. In
addition to asserting a claim for breach of contract, the second amended original
petition also pleaded alternative claims for (1) ratification, because A & L Motor
Sales made many of the payments required by the agreement, and (2) quantum meruit
and unjust enrichment, because AutoNation provided advertising services to A & L
Motor Sales, A & L Motor Sales accepted and utilized the services, and AutoNation
expected to be paid and is entitled to the reasonable value of those services. 

 A & L Motor Sales answered the lawsuit by general denial, subject to its
special appearance, asserting that its business is located in Pennsylvania. The answer
also stated that the "contract made the basis of Plaintiff's lawsuit was not signed by
any employee or representative of Defendant who was authorized to do so, nor was
defendant contacted by Plaintiff to determine if the Party who did sign the contract
had authority to do so." The answer also asserted that there was no consideration. 
Attached to the answer was an affidavit from Steven Lamfrom, the general partner at
A & L Motor Sales, who averred that the person who signed the written agreement
in the original petition did not have authority to sign contracts for A & L Motor Sales,
and that A & L Motor Sales did not agree to the contract with AutoNation.

 After a hearing, the trial court denied the special appearance. Our appellate
record does not include a record of that hearing. 

 Jay Andres, the Director of Sales for AutoNation, testified as the sole witness
at the trial on the merits. Andres identified the five-page document that was attached
to the original petition, identified his signature that appeared on the fifth page, and
testified that the five-page document was "a complete copy of the contract between
Auto Advertising and A & L Motor Service," with nothing missing. The contract
was admitted into evidence over the objection of A & L Motor Sales. Andres
acknowledged that A & L Motor Sales neither was a resident of Texas nor did
business in Texas. AutoNation introduced the invoices to prove its damages for the
unpaid service it provided.

Waiver

 As a threshold matter, we address AutoNation's contention on appeal that
A & L Motor Sales waived any complaint as to the trial court's denial of A & L
Motor Sales' special appearance. Specifically, AutoNation contends that "A & L
cites no authority in its brief to support its claim that the trial court erred in denying
the special appearance."

 AutoNation's fifth issue on appeal states, in full:

The trial court erred in denying the Special Appearance
[sic]


 The affidavit of Appellant established that the person
who signed the purported contract did not have authority to
do so, that Appellant had given instructions that its
accounts payable department was to stop making payments
as soon as Appellant learned the payments were for a
purported agreement that Schwartz did not have authority
to enter into, and that Appellant otherwise did not do
business in Texas. No evidence was proffered by
AutoNation to overcome these factual contentions, and the
Special Appearance should have been sustained.


 An appellant's brief "must contain a clear and concise argument for the
contentions made, with appropriate citations to authorities and to the record." Tex.
R. App. P. 38.1(h); see also Vickery v. Vickery, 999 S.W.2d 342, 352-53 (Tex. 1999). 
Where the appellant does not do so, a point of error is waived. Vickery, 999 S.W.2d
at 352-53. 

 A & L Motor Sales cites to no authority in its fifth point of error. A & L Motor
Sales fails to cite to any applicable law of special appearances, personal jurisdiction,
or forum selection clauses. A & L Motor Sales fails to explain why its "otherwise"
lack of business in Texas and why Schwartz's lack of authority to sign the contract
would result in a loss of jurisdiction. Because A & L Motor Sales cites to no
authority in its brief to show that the trial court erred by denying its special
appearance, and fails to clearly assert an argument for lack of jurisdiction, we hold
that A & L Motor Sales has waived its challenge to the special appearance issue. See
id.

Failure to Challenge All Grounds on Which Judgment Could Be Based

 We further conclude that A & L Motor Sales has waived its right to challenge
the trial court's judgment because it failed to challenge all the grounds on which the
judgment may have been rendered. A & L Motor Sales has challenged the claims for
breach of contract and ratification, but failed to challenge unjust enrichment and
quantum meruit. 

 A party waives any error on an issue by failing to raise that issue on appeal. 
Jacobs v. Satterwhite, 65 S.W.3d 653, 655-56 (Tex. 2001) (quoting San Jacinto
River Auth. v. Duke, 783 S.W.2d 209, 209-10 (Tex. 1990), for "the well-established
rule that grounds of error not asserted by points of error or argument in the court of
appeals are waived"). Moreover, when a judgment or order may have been based
upon grounds not challenged on appeal, a court of appeals must normally affirm. 
This Court has previously stated, "Generally speaking, an appellant must attack all
independent bases or grounds that fully support a complained-of ruling or judgment." 
Britton v. Tex. Dep't of Crim. Justice, 95 S.W.3d 676, 681 (Tex. App.--Houston [1st
Dist.] 2002, no pet.). 

 In its brief, A & L Motor Sales has challenged the breach of contract claim and
the ratification claim. A & L Motor Sales has not challenged the unjust enrichment
or quantum meruit grounds for recovery. The trial court's judgment does not state the
grounds on which it was granting damages against A & L Motor Sales.

 We conclude that A & L Motor Sales has waived its right to challenge the trial
court's judgment because it failed to challenge all the grounds on which the judgment
may have been rendered. A & L Motor Sales has challenged the claims for breach of
contract and ratification, but failed to challenge unjust enrichment and quantum
meruit. It has therefore not challenged all grounds which may support the trial court's
verdict. Accordingly, we must uphold the damages. See id.


 Conclusion


 Because A & L Motor Sales did not adequately brief its challenge to the trial
court's denial of its special appearance, and because A & L Motor Sales did not
challenge all alternative bases for the trial court's judgment, we affirm the trial
court's judgment.






 Elsa Alcala

 Justice


Panel consists of Justices Taft, Alcala, and Hanks.