Opinion issued March 8, 2007









In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00200-CV

NO. 01-03-00025-CV






CHARLES MCINTYRE HADEN, JR., INDIVIDUALLY, and CHARLES
MCINTYRE HADEN, JR. & COMPANY D/B/A HADEN & COMPANY,
Appellants


V.


DAVID J. SACKS, P.C. D/B/A SACKS & ASSOCIATES, Appellee






On Appeal from County Civil Court at Law No. 2

Harris County, Texas

Trial Court Cause No. 722,791






CONCURRING AND DISSENTING OPINION

ON MOTION FOR REHEARING


 I respectfully dissent. I would hold that in this breach of contract lawsuit (1)
parol evidence is inadmissible, and (2) the written documents establish a meeting of
the minds. I concur, however, with the resolution of the counterclaims and agree that
the trial court properly granted summary judgment regarding those claims. 

Parol Evidence of Collateral and Contemporaneous Agreement

 The undisputed evidence shows that Sacks and Haden entered into a written
agreement that provided that the law firm would "assist with the writing of the
Appellant's Brief and any reply" and that Haden would pay for the service, at a rate
of $200 per hour for Sacks' work, $150 to $200 per hour for work done by other
lawyers in the firm, and $50 to $100 per hour for work done by paralegals, plus all
costs and expenses. The written agreement included a $5,000 retainer that Haden
paid. In his response to the law firm's motion for summary judgment, Haden's
affidavit asserts that he never agreed to pay more than $10,000 for the law firm's
work on the brief. Haden's affidavit thus attempts to add a material term to the
written agreements by claiming that fees were capped at $10,000. Haden's affidavit
is extrinsic or parol evidence because it "tends to prove what is not a term of the
contract." Hubacek v. Ennis State Bank, 317 S.W.2d 30, 31 (Tex. 1958). 

 Haden contends that the affidavit is admissible as a prior or contemporaneous
agreement that is consistent with the written agreement. Extrinsic evidence of prior
or contemporaneous agreements is admissible when the evidence is collateral to an
integrated agreement, and is not inconsistent with and does not vary or contradict the
express or implied terms or obligations of the written agreement. Id. The Texas
Supreme Court gave the following example for exclusion of extrinsic evidence of a
collateral agreement:

 Suit was against the market [sic] of a promissory note . . . . The note
was secured by a mortgage on 1000 bushels of oats. By way of defense
the maker of the note sought to prove an oral agreement that if the oats
sold for less than 25 cents per bushel the note was to be credited with
the difference. Enforcement of the agreement would have varied the
obligation of the maker to pay the full amount of principal of the note. 
The collateral agreement was properly rejected.


Id. at 34. Here, as in the inadmissible collateral agreement concerning the amount of
compensation that depended on the price of the sale of a bushel of oats, admission of
the extrinsic evidence "would have varied the obligation . . . to pay the full amount"
due under the terms of the written agreement. See id. The full amount due under the
terms of the written agreement was approximately $30,000, but the amount due under
the purported oral agreement was capped at $10,000. I would hold that Haden's
evidence that there was an oral agreement to cap fees at $10,000 is inconsistent with,
varies from, and contradicts the terms and obligations of the written agreement. See
id. at 31.

Meeting of the Minds

 The terms of the written agreement between Haden and Sacks are sufficiently
definite that any court reviewing the terms would understand what each promisor
agreed to perform. See T.O. Stanley Boot Co., Inc. v. Bank of El Paso, 847 S.W.2d
218, 221 (Tex. 1992). "In order to be legally binding, a contract must be sufficiently
definite in its terms so that a court can understand what the promisor undertook." Id. 
The material terms of the contract must be agreed upon before a court can enforce the
contract. Id. "The determination of a meeting of the minds, and thus offer and
acceptance, is based on the objective standard of what the parties said and did and not
on their subjective state of mind." Baroid Equip. Inc. v. Odeco Drilling, Inc., 184
S.W.3d 1, 17 (Tex. App.--Houston [1st Dist.] 2005, pet. denied). 

 Here, the written agreement provides that the law firm will assist in the writing
of the appellate brief in exchange for payment at the rates designated in the written
agreement. The agreement here is sufficiently definite that any court could enforce
the terms of the agreement. See T.O. Stanley Boot Co., 847 S.W.2d at 221. Haden
agreed to the terms by stating, "I have acknowledged acceptance of the terms of your
fee agreement on behalf of Haden & Company and myself . . . ." The written
agreement did not limit the scope of the work to be performed by the law firm, nor
did it limit the total amount of fees that the law firm could charge for performing the
work. I would hold that the written documents show that the parties came to a
meeting of the minds that the law firm would "assist with the writing of the
Appellant's Brief" and that Haden would pay specified rates per hour for that service. 
See Baroid Equip., 184 S.W.3d at 17.


Parol Evidence of Fraud

 The majority opinion does not rely on parol evidence of fraud as a basis for 
reversing the judgment. However, in his motion for rehearing, Haden contends that
his affidavit was admissible as parol evidence to prevent fraud because the law firm
"might have submitted a bill for two million dollars" and claimed that it spent "five
thousand hours writing the fifty page brief." In his affirmative defense of fraud and
in his counterclaim for fraud, Haden presented extrinsic evidence that the law firm's
billing was excessive by claiming that the law firm did more work than necessary, did
inadequate work, and charged more than it should have. Haden, however, never
asserted to the trial court or to this Court that the parol evidence was admissible to
prove fraud. Haden very clearly asserted a single theory for admission of parol
evidence--that parol evidence is admissible as a collateral, contemporaneous
agreement. Haden first mentions that parol evidence is admissible to prove fraud in
this motion for rehearing. I would further hold that Haden has waived the right to
assert that parol evidence is admissible to prevent fraud because he failed to raise that
assertion in his original or reply briefs in this appeal. See Jacobs v. Satterwhite, 65
S.W.3d 653, 655-56 (Tex. 2001) (holding that party waives error by failing to raise
issue on appeal).

Conclusion

 Only inadmissible parol evidence supports Haden's challenges to Sacks'
breach-of-contract claim. I would overrule Haden's second issue and address the
remaining issues in this appeal and in Cause No. 01-03-00025-CV.



 
 Elsa Alcala

 Justice


Panel consists of Chief Justice Radack and Justices Keyes and Alcala.


Justice Alcala, concurring and dissenting.