Opinion issued July 2, 2007














In The

Court of Appeals

For The

First District of Texas






NO. 01-04-01232-CV

NO. 01-04-01233-CV

NO. 01-05-00124-CV

NO. 01-05-00126-CV 

NO. 01-05-00127-CV






ERICKA SHANETTE COLBERT, Appellant


V.


DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, Appellee






On Appeal from the 314th District Court

Harris County, Texas

Trial Court Cause Nos. 1996-43960, 2002-25084, 2004-03601J, 2003-04414J,
& 2003-14864






OPINION DISSENTING 

FROM DENIAL OF EN BANC RECONSIDERATION

 I respectfully dissent from the denial of appellee's, Department of Family and
Protective Services ("DFPS"), motion for en banc reconsideration of the panel's
decision to reverse the portion of the trial court's decree that appointed DFPS as the
"sole managing conservator" of the children. This decision conflicts with prior
decisions by our court that left in place the portion of the trial court's decree that
appointed DFPS as the sole managing conservator of the children, although the
portion of the decree that terminated the rights of the parent was reversed based on
insufficiency of the evidence. See Ruiz v. Dep't of Family & Protectiv Servs., 212
S.W.3d 804 (Tex. App.--Houston [1st Dist.] 2006, no pet.); Yonko v. Dep't of Family
& Protective Servs., 196 S.W.3d 236 (Tex. App.--Houston [1st Dist.] 2006, no pet). 

 Under the posture of these cases, when our court reverses a decree terminating
the rights of a parent, that reversal will also include a reversal and remand of the trial
court's decree appointing DFPS as the sole managing conservator if Justice Nuchia
or Justice Higley (1) preside over the case. However, under identical circumstances, a
majority of the justices on our court will leave in place the trial court's decree
appointing DFPS as the sole managing conservator when our court reverses a decree
terminating the rights of a parent. (2) En banc consideration is therefore necessary to
secure or maintain uniformity in this Court's decisions concerning whether we must
reverse and remand the portion of the trial court's decree regarding the placement of
DFPS as the sole managing conservator when we reverse the portion of the trial
court's decree that terminates parental rights. See Tex. R. App. P. 41.2(c). I therefore
vote for en banc reconsideration. 

 I would also hold that, absent an issue on appeal challenging the portion of the
trial court's decree that places DFPS as the sole managing conservator, the issue is
waived. I would not sua sponte remand the issue to the trial court, as the majority
opinion and judgment does here. Appellant has not challenged the portion of the trial
court's decree that appoints DFPS the sole managing conservator. An appellant can
raise an issue on appeal that challenges the trial court's decree that appoints DFPS as
the sole managing conservator. See Cervantes-Peterson v. Dep't of Family &
Protective Servs., 221 S.W.3d 244, 255-56 (Tex. App.--Houston [1st Dist.] 2006,
no pet.) (stating that one issue on appeal asserted by Cervantes was that "[i]n light of
the fact that the evidence is insufficient to support the court's decision to terminate
[Cervantes]s] parental rights, it follows that it was not in [J.M.'s] best interest that
[DFPS] be granted sole managing conservatorship of [J.M.]."). The appellant here
simply chose not to contest on appeal the trial court's decree that appointed DFPS as
the sole managing conservator. Perhaps appellant has no dispute with the placement
of DFPS as the sole managing conservator, which the Family Code provides can be
DFPS whether the parental rights are terminated or not. See Tex. Fam. Code Ann.
§ 153.005(b), § 263.401(d)(3) (Vernon 2002 & Supp. 2006). (3) Regardless, I would
hold that the failure of appellant to challenge that portion of the trial court's decree
appointing DFPS as the sole managing conservator waives the issue for our review
on appeal. See Jacobs v. Satterwhite, 65 S.W.3d 653, 655-56 (Tex. 2001) (quoting
San Jacinto River Auth. v. Duke, 783 S.W.2d 209, 209-10 (Tex. 1990), for "well-established rule that grounds of error not asserted by points of error or argument in
the court of appeals are waived"). I therefore disagree with the panel's sua sponte
reversal and remand of the trial court's decree that makes DFPS the sole managing
conservator.



 Elsa Alcala 

 Justice


A majority of the en banc court voted to deny the motion for en banc reconsideration.


The en banc court consists of Chief Justice Radack and Justices Taft, Nuchia,
Jennings, Keyes, Alcala, Hanks, Higley, and Bland.


Justice Alcala filed an opinion dissenting from the denial of en banc reconsideration
in which Justice Jennings joins. 


Justice Keyes filed an opinion dissenting from the denial of en banc reconsideration. 
1. Justices Nuchia and Higley are the panel members of the majority opinion here.
2. Justices Jennings, Hanks, and Higley comprised the panel in Ruiz, which did not alter
the trial court's placement of the managing conservator, despite reversing for legal
insufficiency the trial court's decision to terminate the parent's rights. Ruiz v. Dep't
of Family & Protective Servs., 212 S.W.3d 804, 819 (Tex. App.--Houston [1st Dist.]
2006, no pet.) ("We reverse the portion of the decree terminating the parent-child
relationship . . . ."). Chief Justice Radack and Justices Alcala and Bland comprised
the panel in Yonko, which did not alter the trial court's placement of the managing
conservator, despite reversing for factual insufficiency the trial court's decision to
terminate the parent's rights. See Yonko v. Dep't of Family & Protective Servs., 196
S.W.3d 236, 249 (Tex. App.--Houston [1st Dist.] 2006, no pet).
3. Section 153.005 provides:


 (b) A managing conservator must be a parent, a competent adult, an
authorized agency, or a licensed child-placing agency.


 Tex. Fam. Code Ann. § 153.005(b) (Vernon 2002).


 Section 263.401(d)(3) acknowledges that the DFPS can be appointed a managing
conservator even if parental rights have not been terminated, stating,


 (d) For purposes of this section a final order is one that:


 . . .


 (3) without terminating the parent-child relationship,
appoints the department as the managing
conservator of the child.


 Tex. Fam. Code Ann. § 263.401(d)(3) (Vernon Supp. 2006).