Opinion issued June 24,
2010.


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00279-CV

———————————

Lance Williams, Appellant

V.

George
Coulam, Appellee



 



 

On Appeal from the 506th District
Court

Grimes County, Texas



Trial Court Case No. 30687

 



 

 

MEMORANDUM OPINION

          This
appeal concerns an agreement for the sale of all the stock of the Texas
Renaissance Festival, Inc. (the “Company”), which operates the Texas
Renaissance Festival near Plantersville, Texas. 
Appellee, George Coulam, the sole shareholder of the Company, brought
suit seeking a declaratory judgment that his contract with appellant, Lance
Williams, for sale of the Company was invalid. 
Williams counterclaimed for breach of contract, seeking specific
performance and, alternatively, damages. 
Williams also filed a notice of lis pendens concerning real property
owned by the Company.  The trial court
rendered summary judgment in favor of Coulam and cancelled the lis
pendens.  Asserting the trial court erred
by granting summary judgment for Coulam, Williams’s two issues contend that he
did not breach the contract by failing to provide proof of the availability of
funds and that the lis pendens should not be cancelled.  We conclude that in this appeal Williams has
not challenged each element of his breach of contract claim found against him
by the trial court and, therefore, we must affirm the trial court’s order
rendering summary judgment in favor of Coulam and denying Williams’s
cross-motion.

Background

          In a “Sale and Purchase
Agreement” (the “Agreement”) entered May 19, 2006, Williams agreed to purchase
the Company from Coulam on a closing date 40 days later on June 28, 2006.  The Agreement required Williams to pay Coulam
$10 million at closing.  The Agreement, however, did not
require Williams to show, prior to the closing date, that he had the financial
ability to close.  Coulam’s burden under
the Agreement was to make certain business and financial records available to
Williams within 10 days of the Agreement, to provide access to Company
employees, and to provide a copy of any survey in Coulam’s possession.  

          One week before the
closing date, Williams notified Coulam that he had not yet received a copy of a
survey.  Coulam agreed to extend the closing
date until a survey was prepared.  A
survey was delivered to Williams in September 2006.  Williams, however, believed the survey was
incomplete.  When he called in early October
2006 to inquire about the survey, Williams learned from an employee at the
surveying company that the survey did not depict all of the real property owned
by the Company and that portions of the real property excluded from the survey
were being sold to a different buyer. 
Williams then called Coulam for an explanation, and Coulam informed him
that he believed the Agreement had terminated. 
The transaction never closed.  

Coulam and Williams each filed
lawsuits against the other and each filed motions for summary judgment against
the other.  Coulam filed this suit
seeking a declaration that the Agreement was not a valid contract or, in the
alternative, that Coulam was excused from performance of the Agreement because Williams
had not tendered the consideration due to him by the date required in the
Agreement.  Coulam also filed a first
motion for summary judgment asserting these grounds.  Williams counter-claimed for breach of
contract, seeking specific performance of the Agreement and filed his first
motion for summary judgment on these grounds. 
After each of the parties responded to the opponent’s motion for summary
judgment, the trial court rendered two interlocutory orders concerning the
first motions for summary judgment.  The
trial court denied in part Coulam’s motion for summary judgment, and it granted
in part and denied in part Williams’s motion for summary judgment.  The trial court found that the Agreement was
a valid contract, but because the parties extended the closing date “until we
have a survey,” the closing was extended until a reasonable time following
September 26, 2006, when a survey was delivered.

Although it did not decide the issue of breach in the
first partial summary judgment order, the trial court ordered the parties to
specifically perform the Agreement, and established a timeline for Williams to
“provide written evidence of the availability of funds for closing the
transaction . . . .”  Williams presented
letters of interest rather than letters of commitment from two potential
lenders.  The trial court determined that
Williams was not entitled to specific performance because he failed to prove
his ability to perform his obligation under the contract, i.e. the payment of
the purchase price. 

          Because the trial court
had withheld a finding concerning the element of breach, the parties filed
competing second motions for summary judgment concerning that element.  Coulam’s second motion for summary judgment
concerning the element of breach contended that he substantially performed the
material requirements of the Agreement by providing Williams the complete
survey, allowing Williams to meet with Company employees, providing Williams
the complete title policies, and providing Williams the other financial
information specifically required by the Agreement.  Coulam asserted Williams breached the
Agreement by failing to pay the amount due by the time required under the
Agreement, which was the original closing date or within a reasonable amount of
time after Coulam provided the survey. 
Coulam also asserted that, even if he told Williams the Agreement was
terminated, he timely retracted that comment by notifying Williams that he
intended to perform.

In contrast, Williams’s second
motion for summary judgment asserted that Coulam had breached the Agreement by
refusing to provide him the survey, refusing to allow him to meet with Company
employees, refusing to provide complete title policies, and refusing to provide
other financial information specifically required by the Agreement.  According to Williams, these breaches by
Coulam caused him to be unable to perform a full investigation of the Company
and close on the purchase of the Company. 
Williams also contended that Coulam terminated and repudiated the
Agreement before any breach by Williams.

          Concerning the second motions for
summary judgment relating to the element of breach of contract, the trial court
granted in part and denied in part Coulam’s
motion for summary judgment, and denied Williams’s motion for summary
judgment.  The trial court ordered that
Coulam take nothing against Williams and that Williams take nothing against Coulam.  The court determined there was no material
breach by Coulam; Williams did commit a material breach of the contract by
failing to provide proof of the availability of funds to pay the purchase price
of the contract; Williams was not entitled to specific performance of the
contract; Coulam was entitled to judgment as a matter of law that Williams
breached the contract because there were no genuine issues of material fact;
and Coulam was not entitled to attorney’s fees. 
The trial court also granted the motion to cancel the lis pendens, which
made the trial court’s prior interlocutory summary judgments final and
appealable because all claims had been resolved by all the parties.

Summary Judgment Standard of Review

          We review summary judgments de novo.  Valence Operating Co. v. Dorsett, 164
S.W.3d 656, 661 (Tex. 2005).  A
matter-of-law summary judgment is proper only when the movant establishes that
there is no genuine issue of material fact and that the movant is entitled to
judgment as a matter of law.  Tex. R. Civ. P. 166a(c).  The motion must state the specific grounds
relied upon for summary judgment.  Id.  In reviewing a matter-of-law summary
judgment, we must indulge every reasonable inference in favor of the nonmovant,
take all evidence favorable to the nonmovant as true, and resolve any doubts in
favor of the nonmovant.  Valence,
164 S.W.3d at 661.  If, however, summary judgment may have been
rendered, properly or improperly, on a ground not challenged on appeal, the
judgment must be affirmed.  Ellis v. Precision Engine Rebuilders, Inc., 68 S.W.3d 894, 898 (Tex.
App.—Houston [1st Dist.] 2002, no pet.); see also Jacobs v. Satterwhite, 65 S.W.3d 653, 655 (Tex. 2001)
(holding appellate court may not reverse judgment on grounds not raised and
argued on appeal).  Similarly, when a
motion for summary judgment is granted without specifying the grounds, the
summary judgment will be upheld on appeal if any of the theories advanced in
the trial court are meritorious.  Harwell v. State Farm Mut. Auto. Ins. Co.,
896 S.W.2d 170, 173 (Tex. 1995).

Elements of Claim for Breach of Contract

The two issues on appeal presented by Williams assert he did
not breach the contract and that the lis pendens should not be cancelled.  But in his original brief on appeal, Coulam
fails to challenge the trial court’s summary judgment that Coulam did not
breach the contract, which is an essential element of his claim for breach of
contract.  The essential elements of a
breach of contract claim are: (1) the existence of a valid contract; (2)
performance or tendered performance by the plaintiff; (3) breach of the
contract by the defendant; and (4) damages sustained by the plaintiff as a
result of the breach.  Valero Mktg.
& Supply Co. v. Kalama Int’l, 51 S.W.3d 345, 351 (Tex. App.—Houston
[1st Dist.] 2001, no pet.).  To prevail on his breach of contract
claim, therefore, Williams must establish that (1) a valid agreement exists;
(2) he performed under the Agreement; (3) Coulam breached the agreement; and
(4) damages.  In resolving the competing
matter-of-law summary judgment motions, the trial court’s summary judgment
order determined that Coulam delivered the survey in September 2006; the
closing was extended until a reasonable time after that; and Coulam did not
breach the Agreement.

          In his opening brief on appeal,
Williams has failed to timely challenge the trial court’s determination that
Coulam did not breach the contract.  This
challenge is made for
the first time in Williams’s reply brief after Coulam’s appellee’s brief
asserts that the arguments are waived for failure to assert them in the opening
appellant’s brief by Williams.  An issue raised for the first time in a reply
brief is ordinarily waived
and need not be considered by this Court. McAlester Fuel Co. v. Smith
Int'l., Inc., 257 S.W.3d
732, 737 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (citing N.P. v.
Methodist Hosp., 190 S.W.3d
217, 225 (Tex. App.—Houston [1st Dist.] 2006, pet. denied)).  Because Williams failed to timely challenge
the trial court’s determination that there was no material breach by Coulam, we
hold Williams waived any error concerning the trial court’s order that
determined Coulam did not breach the agreement as a matter of law.  See McAlester Fuel Co., 257 S.W.3d at 737. 

Having upheld the trial court’s order that Coulam did not
breach the agreement, Williams’s claim for breach of contract fails as a matter
of law because Williams cannot establish each of the elements of his claim for
breach of contract. See Mustang Pipeline Co. v. Driver Pipeline Co.,
134 S.W.3d 195, 200 (Tex. 2004).  We,
therefore, must uphold the trial court’s summary judgment order that Williams
take nothing on his breach of contract claim against Coulam.  Having affirmed the trial court’s take-nothing
judgment on William’s breach of contract claim, we also conclude the trial
court properly cancelled the lis pendens.

Alternatively, Williams requests that we “reverse the order
of the trial court granting summary judgment and remand the case for a trial on
the merits.”  For the reasons previously
discussed, we cannot reverse the trial court’s ruling on Williams’s breach of
contract claim.  Likewise, we cannot
reverse the trial court’s take-nothing summary judgment concerning Coulam’s
declaratory judgment claim.  Neither
party has challenged that ruling on appeal.

Williams does purport to specifically challenge the trial
court’s ruling that he committed a material breach of the contract.  However, Williams’s argument on appeal only
addresses one possible basis for the trial court’s finding of breach.  The trial court’s order includes a general
conclusion that “[n]o genuine issue of material fact exists and Coulam is
entitled to judgment as a matter of law that Williams breached the
contract.”  Williams argues that he
adequately demonstrated his readiness, willingness, and ability to pay, which
was a specific ground for breach advanced by Coulam and expressly accepted by
the trial court. 
But Williams does
not address any other arguments for breach made by Coulam in the trial court,
for example, that Williams breached by retaining an agent despite his
representation and warranty to the contrary contained in the Agreement.  Because Williams has failed to address the remaining
arguments raised in the trial court, those arguments are waived.  See Smith
v. Tilton, 3 S.W.3d 77, 84 (Tex. App.—Dallas 1999, no pet.); cf. Star-Telegram, Inc. v. Doe, 915
S.W.2d 471, 473 (Tex. 1995) (citing Malooly
Bros., Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970)).

Conclusion

          We affirm the judgment of
the trial court.

 

 

                                                                   Elsa
Alcala

                                                                   Justice

 

Panel
consists of Chief Justice Radack, and Justices Alcala, and Massengale.