# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00808-CV

**Gary Lloyd Miller, Appellant**

**v.**

**Greg Abbott, Attorney General of the State of Texas;
and Assistant Attorney General George N. Ybarra, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT
NO. D-1-GN-10-000399, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Gary Lloyd Miller appeals pro se the trial court's dismissal of his suit against Greg Abbott, Attorney General of the State of Texas, and Assistant Attorney General George N. Ybarra for alleged violations of his rights under the Texas Theft Liability Act (TTLA). *See* Tex. Civ. Prac. & Rem. Code §§ 134.001–.005. Because we conclude that Miller has failed to preserve error for appeal, we affirm the trial court's dismissal.

Miller filed his "first complaint" against Appellees under the TTLA in February 2010 and attached an "Issue Request Form" and a request that the district clerk issue citations and mail them to the "respondents."[1] Over the course of the next year, Miller sent periodic letters to the court administrator inquiring about the status of his case. In response to his inquiries, the court

---

[1] The facts recited herein are taken from the record on appeal. We accept as true facts stated in the briefs that are not contradicted by another party. Tex. R. App. P. 38.1(g).

administrator informed Miller in writing that no citations had been issued and there were no pending hearings. The clerk further informed Miller that questions regarding the issuance or execution of citation should be directed to the clerk, provided the clerk's address, and explained that if Miller wanted a hearing set, he needed to provide notice of what motion or pleading he wanted heard and an estimated time for the hearing. On January 21, 2011, Miller signed a motion for summary judgment that was filed on February 2, 2011. That same day, Miller was notified that the suit would be dismissed for want of prosecution unless he filed a motion to retain by March 4, 2011. On February 14, 2011, Miller filed an "Affidavit of Inability in Lieu of Payment of Court Costs, and Issuance of Citation" and subsequently had Appellees served with citation. Appellees filed an answer on March 10, 2011. On June 27, the trial court signed an order of dismissal for want of prosecution. On June 30, 2011, Miller received notice of the dismissal. This appeal followed.

Miller presents one issue on appeal—that the trial court erred by failing to rule on his motion for summary judgment. However, there is no evidence in the record that Miller presented a timely request, objection, or motion complaining of the trial court's failure to rule. *See* Tex. R. App. P. 33.1(a)(2). "As a prerequisite to presenting a complaint for appellate review . . . , the record must show that the motion was brought to the trial court's attention and that the trial court either denied the motion or refused to rule and the complaining party objected to the refusal." *Quintana v. CrossFit Dallas, L.L.C.*, 347 S.W.3d 445, 449 (Tex. App.—Dallas 2011, no pet.); Tex. R. App. P. 33.1(a)(2). Therefore, Miller did not preserve this issue for appeal.[2]

---

[2] Even if Miller had preserved this issue for appeal, the record also shows that Miller's motion for summary judgment was filed before Appellees filed an answer and therefore failed to comply with rule 166a. *See* Tex. R. Civ. P. 166a(a) (party may move for summary judgment

In addition, the sole ground for the trial court's dismissal was Miller's failure to prosecute this action. Miller presents no argument or legal authority concerning the dismissal and has therefore waived any error with regard to the trial court's dismissal order. *See* Tex. R. Civ. P. 38.1(f); *Jacobs v. Satterwhite*, 65 S.W.3d 653, 655–56 (Tex. 2001) (failure to raise issue on appeal waives error); *Save Our Springs Alliance, Inc. v. City of Dripping Springs*, 304 S.W.3d 871, 885 (Tex. App.—Austin 2010, pet. denied) (same). Consequently, Miller has preserved no issue for our consideration on appeal. We overrule Miller's single issue on appeal and affirm the trial court's order of dismissal.[3]

_____

Melissa Goodwin, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed:  June 5, 2013

_____

"at any time *after* the adverse party has appeared or answered") (emphasis added). Nor is there any evidence in the record that Miller served his motion on Appellees, requested a hearing, or provided notice of any hearing to Appellees. *See* Tex. R. Civ. P. 21.

[3]  Miller has filed a motion for temporary restraining order, which is pending before this Court. We deny the motion.