Penny SONNENBERG, Appellant,

v.

MIKE SMITH AUTO PLAZA, Appellee.

No. 09–98–059 CV.

Court of Appeals of Texas, Beaumont.

Submitted Sept. 9, 1999.

Decided Jan. 27, 2000.

Kevin Dutton, Tonahill, Hile, Leister & Jacobellis, Jasper, for appellant.

Mark R. Ramsey, Joseph W. Gagnon, Ramsey & Murray, Houston, for appellee.

Before WALKER, C.J., STOVER and HILL,[1] JJ.

## OPINION

JOHN HILL, Justice (Assigned).

Penny Sonnenberg appeals from a summary judgment that she take nothing in her claim against Mike Smith Auto Plaza resulting from an automobile collision that occurred after Mike Smith had made repairs to her automobile. She presents as her sole issue that the trial court erred by granting the summary judgment because her testimony about the brakes on her car was some evidence of a defect.

■ We affirm because Sonnenberg did not present a scintilla of evidence in response to the motion to the effect that Mike Smith failed to repair her brakes, nor did she point out evidence that raises a fact issue on that challenged element.

Sonnenberg brought this products liability and D.T.P.A. case against Mike Smith Auto Plaza alleging that she suffered damages as a result of Mike Smith's failure to repair her brakes. Mike Smith filed a no-evidence motion for summary judgment based upon Rule 166a(i) of the Texas Rules of Civil Procedure. In that motion, Mike Smith contended that there is not competent evidence tending to show that Sonnenberg's brakes were defective or that her brakes were a producing cause of the three accidents that it indicates form the basis of Sonnenberg's suit. It also indicates that there is no evidence to show Mike Smith failed to repair Sonnenberg's brakes.

In response to the motion for summary judgment, Sonnenberg states that the issue concerning whether the brakes were defective is a question for the jury and that she had produced documents showing that her master cylinder had to be replaced.

■ In considering the appeal of a no-evidence motion for summary judgment, as authorized by Rule 166a(i) of the Texas Rules of Civil Procedure, we review the proof in the light most favorable to the non-movant and disregard all contrary proof and inferences. *See Blan v. Ali*, 7 S.W.3d 741, 747–48 (Tex.App.—Houston [14th Dist.] 1999, no pet. h.); *In re Estate of Davis*, 9 S.W.3d 288, 292 (Tex.App.— San Antonio 1999, no pet. h.). We sustain a no-evidence motion for summary judgment if: (a) there is a complete absence of proof of a vital fact; (b) the court is barred by rules of law or evidence from giving weight to the only proof offered to prove a vital fact; (c) the proof offered to prove a vital fact is no more than a mere scintilla; or (d) the proof conclusively establishes

---

1. The Honorable John Hill, sitting by assignment pursuant to Tex. Gov't Code Ann.

§ 74.003(b) (Vernon 1998).

the opposite of the vital fact. *Blan,* at 747–48. A no-evidence motion for summary judgment is improperly granted if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. *Davis,* 9 S.W.3d at 292. Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact. *See Kindred v. Con/Chem Inc.,* 650 S.W.2d 61, 63 (Tex.1983); *Davis,* 9 S.W.3d at 292. More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *See Merrell Dow Pharmaceuticals, Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex. 1997); *Davis,* 9 S.W.3d at 292. We also note that the comment to Rule 166a that deals with no-evidence motions for summary judgment under Rule 166a(i) provides that in order to defeat such a motion, the respondent is not required to marshal its proof, but only point out in its response evidence that raises a fact issue on the challenged elements. The August 15, 1997 Supreme Court order that approved the amendment providing for no-evidence motions for summary judgment provides that this comment is intended to inform the construction and application of this rule. Upon hearing of the motion, the trial court declined to rule, allowing Sonnenberg thirty days in order to make additional response to the motion. Sonnenberg did not file any further response.

The motion for summary judgment contained excerpts from Sonnenberg's deposition. She testified that in 1994 she was involved in three automobile accidents that occurred on June 2, August 14, and September 21. She indicated that two of those involved her brakes. She stated that she and her husband had purchased the automobile involved from Mike Smith.

Sonnenberg testified that the June 2, 1994 accident happened when a car in front of her slowed down, she hit her brakes, and they went to the floor. She said it was the same as the second accident, that she wound up rear-ending the vehicle in front of her. She talked about taking her car in somewhere to a customer service person after January 1994. She indicated that in January, presumably of 1994, "they" could not find a grinding noise, they changed the pads, she told them "it was still doing it," and they said everything looked fine to them. She stated that she had never made any complaints to Mike Smith about the brakes before 1994.

Sonnenberg testified concerning another accident, presumably the September 21 accident, in which she applied her brakes and they went to the floor, causing her to hit a tree at a speed of 45 to 48 miles per hour. She could not recall much about the August 1994 accident. She indicated that after the August accident and before the September accident her car would have probably been repaired at Vinn's.

Documents in evidence show that Mike Smith did brake work on Sonnenberg's car in January, 1994. Mike Smith produced an affidavit showing that it did no further work on her automobile.

Sonnenberg's petition relates to the accident that occurred in September, 1994. As previously noted, Mike Smith had worked on her automobile in January, 1994, but had not worked on it thereafter. Sonnenberg had two intervening accidents, one of which involved a problem with the brake malfunctioning. Following one of the accidents, she had the automobile repaired somewhere else. We hold that this evidence is no more than a scintilla of evidence that Mike Smith failed to repair her brakes properly in January, 1994, even if we only consider the evidence favorable to Sonnenberg, because it does no more than create a suspicion or surmise of a fact. We find that it does not raise a fact issue on the challenged element, Mike Smith's alleged failure to repair her brakes.

Sonnenberg disagrees, citing *Temple EasTex, Inc. v. Old Orchard Creek Partners, Ltd.*, 848 S.W.2d 724 (Tex.App.—Dallas 1992, writ denied). We find that case to be distinguishable. In *Temple EasTex*, an unlicensed plumber caught some fiberboard located in an apartment building on fire with a torch. *Temple EasTex, Inc.*, 848 S.W.2d at 733. The fire would go out for a second, then flame back up. *Id.* Another plumber helped extinguish the fire by pouring water over it. *Id.* The plumbers left thirty minutes later, thinking they had put the fire out. *Id.* Two or three hours after the plumbers left, flames engulfed the apartment complex. *Id.* The fire marshal's investigation eliminated other possible causes of the fire besides the plumber's torch. *Id.* The fire marshal showed that the fiberboard used had a rekindling effect that was almost impossible to put out. *Id.* at 734. The court held that there was some evidence that the fiberboard proximately caused the damage to the plaintiff. *Id.* We notice that in that case there was a short time span between when the plumber started the fire and when the fire engulfed the apartment; there was evidence that a fire in the fiberboard would appear to be out when it was not; and there was evidence of an investigation that eliminated any other possible causes of the fire. In this case, there was a time span of several months from the time of Mike Smith's repair to Sonnenberg's vehicle prior to her first accident; there was no evidence that her brakes were of such a nature that they would appear to be working when they were not; and there was no evidence eliminating any other reasonably potential causes of brake problems in Sonnenberg's vehicle. We overrule the contention presented in Sonnenberg's sole issue on appeal.

The judgment is AFFIRMED.

EARL B. STOVER, Justice, concurring.

Some two years ago, I was concerned about the effects of the Texas Supreme Court's adoption of Tex.R. Civ. P. 166a(i), which, in effect, shifts the burden from the movant, who previously had to establish his right to summary judgment as a matter of law, to the non-movant, who now must present sufficient summary judgment evidence to create a fact issue. *See Ruiz v. Government Employees Ins. Co.*, 4 S.W.3d 838, 839 (Tex.App.—El Paso 1999, no pet. h.). However, my initial concerns, for the most part, have been alleviated. In the intervening two years, there have been numerous rulings on the subject matter, and I now feel that the motions are being approached by trial judges with careful consideration after permitting ample time for discovery. It appears that motions for summary judgment based on Rule 166a(i) are not granted "unless they are black and white and sealed in wax."

My initial impression of this case, which I expressed during oral argument, was that it involved an attorney, who, perhaps, caught up in the holiday season, may have failed to file a proper response to a Rule 166a(i) motion for summary judgment. However, I was in error. After a thorough analysis of the case, I find, under the Rule 166a(i) standard, there is, indeed, "no evidence," or no more than a scintilla of evidence, to support a cause of action based on products liability or alleged violations of the Deceptive Trade Practices Act. Although the efforts of appellant's attorney are commendable, he nonetheless cannot create evidence where none exists. Neither may we base our decision on mere suspicion or surmise. Thus, I concur in the majority's affirmance of the summary judgment.