ACCEPTED
04-15-00336-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
9/2/2015 4:36:51 PM
KEITH HOTTLE
CLERK

**Cause No. 04-15-00336-CV**

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
9/2/2015 4:36:51 PM
KEITH E. HOTTLE
Clerk

# IN THE FOURTH DISTRICT COURT OF APPEALS

# SAN ANTONIO, TEXAS

ADOLFO J. CARRERA AND ESPERANZA GAYTAN, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF ADOLFO CARRERA, DECEASED,

PLAINTIFFS/APPELLANTS,

v.

ALICE YANEZ,

DEFENDANT/APPELLEE,

## BRIEF OF APPELLEE ALICE YANEZ

WILLIAM N. ALLAN, IV
State Bar No. 24012204
ALLAN, NAVA, GLANDER &
HOLLAND, PLLC
825 W. Bitters Road, Suite 102
San Antonio, Texas 78216
Telephone:  (210) 305-4220
Telecopier:  (210) 305-4219
Email: wallan@anglawfirm.com
Email: serveone@angawfirm.com

ATTORNEYS FOR APPELLEE
ALICE YANEZ

**Oral Argument Requested**

i

## IDENTITY OF PARTIES AND COUNSEL

**PLAINTIFFS/APPELLANTS:**

Adolfo J. Carrera
Esperanza Gaytan

**DEFENDANT/APPELLEE:**

Alice Yanez

**TRIAL COUNSEL FOR PLAINTIFFS:**

Marc Anthony Acuna
State Bar No. 24064044
Richard Storm (Former Counsel, now believed to practice with Villarreal & Begum LLC)
State Bar No. 00786261
DAVIS LAW FIRM
10500 Heritage Blvd, Ste. 102
San Antonio, Texas 78216
Telephone: (210) 444-444
Telecopier (210) 785-0806
MarkA@davislawfirm.com

**TRIAL COUNSEL FOR DEFENDANT:**

William N. Allan, IV
State Bar No. 24012204
Jacob A. Wittig
State Bar. No. 24054363
ALLAN, NAVA, GLANDER & HOLLAND, PLLC
825 W. Bitters Road, Ste. 102
San Antonio, Texas 78216
Telephone: (210) 305-4220
Telecopier (210) 305-4219
Wallan@anglawfirm.com
servone@anglawfirm.com

**APPELLATE COUNSEL FOR APPELLANTS:**

Marc Anthony Acuna
State Bar No. 24064044
DAVIS LAW FIRM
10500 Heritage Blvd, Ste. 102
San Antonio, Texas 78216
Telephone: (210) 444-444
Telecopier (210) 785-0806
MarkA@davislawfirm.com

**APPELLATE COUNSEL FOR APPELLEE:**

William N. Allan, IV
State Bar No. 24012204
Jacob A. Wittig
State Bar. No. 24054363
ALLAN, NAVA, GLANDER & HOLLAND, PLLC
825 W. Bitters Road, Ste. 102
San Antonio, Texas 78216
Telephone: (210) 305-4220
Telecopier (210) 305-4219
Wallan@anglawfirm.com
servone@anglawfirm.com

# REFERENCE CITATION GUIDE

**The Parties**

This Brief may refer to the following:

Alice Yanez:                    "Defendant", "Appellee", and/or "Ms. Yanez"

Adolfo J. Carrera
Esperanza Gaytan         collectively, "Plaintiffs" and/or "Appellants"

Adolfo Carrera            "Decedent" and/or "Mr. Carrera"


**The Record on Appeal**

This Brief will refer to the record as follows:

Brief of Appellants        "Appellants' Brief, p.__"

Clerk's Record             "CR __"

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ........................................................... i

REFERENCE CITATION GUIDE ..................................................................... ii

TABLE OF CONTENTS .................................................................................. 2

INDEX OF AUTHORITIES .............................................................................. 3

STATEMENT OF THE CASE ........................................................................... 5

ISSUES PRESENTED ..................................................................................... 5

STATEMENT OF FACTS ................................................................................ 6

SUMMARY OF THE ARGUMENT ................................................................... 9

ARGUMENT AND AUTHORITIES.................................................................. 11

**Issue No. 1**: The Plaintiffs failed to offer more than a scintilla of evidence to support their negligence and negligence per se claims where Plaintiffs offered no legally probative evidence to establish that Ms. Yanez's operation of her vehicle breached a duty of care to Decedent, that this alleged breach was the proximate cause of Decedent's injuries, and that Ms. Yanez violated Texas Transportation Code Sections 545.302(a)(7), 545.051(b), 548.604(a)(2), and 545.401(a)................ 11

    A. Standard of Review ........................................................................ 11

    B. Appellants failed to offer more than a scintilla of evidence to support their negligence claim where they offered no legally probative evidence establishing that Ms. Yanez's operation of her vehicle breached a duty of care to Decedent. ................................................ 11

    C. Appellants failed to offer more than a scintilla of evidence to support their negligence claims where they offered no legally probative evidence establishing that Ms. Yanez's conduct was the proximate cause of Decedent's death............................................... 24

D. Appellants failed to offer more than a scintilla of evidence to support negligence per se claims where they offered no legally probative evidence establishing that Ms. Yanez operated her vehicle in violation of Texas Transportation Code Sections 545.302(a)(7), 545.051(b), 548.604(a)(2), and 545.401(a) ....................................... 25

**Issue No. 2:** The trial court correctly granted Ms. Yanez's traditional motion for summary judgment based on the determination that she did not breach a duty of care to the decedent. .......................................... 27

A. Standard of Review ................................................................. 27

B. The summary judgment should be affirmed because the evidence establishes that Ms. Yanez did not breach a duty of care when she attempted to exit the highway after her vehicle began overheating and stalling. ...................................................................................... 28

C. The summary judgment should be affirmed because the evidence establishes that Decedent's negligence in looking down at his phone or another object for several seconds prior to colliding with Ms. Yanez's vehicle was the proximate cause of the accident and his death. ...................................................................................... 29

**Issue No. 3**: Appellants' assertion that Ms. Yanez did not move for summary judgment on appellants' wrongful death and survival claims is misplaced and the trial court properly dismissed those claims. ........ 30

CONCLUSION .................................................................................... 32

PRAYER ............................................................................................. 32

CERTIFICATE OF COMPLIANCE .................................................... 34

CERTIFICATE OF SERVICE ............................................................ 34

# INDEX OF AUTHORITIES

## CASES:

*Jacobs v. Satterwhite*, 65 S.W.3d 653, 655 (Tex. 2001) ......................................... 31

*Johnson & Johnson Med. Cen. v. Sanchez*, 924 S.W.2d 925, 927 (Tex. 1996) ..... 28

*Merrell Dow Pharms. Inc. v. Havne1*, 953 S.W.2d 706, 711 (Tex. 1997) ............. 11

*Murray v. O & A Express, Inc.*, 630 S.W.2d 633, 636 (Tex. 1982) ................. 26, 27

*Provident Life & Accident Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003) .......... 28

*Randall's Food Mkts. v. Johnson*, 891 S.W.3d 640, 644 (Tex. 1995) .................... 28

*Russell v. Ingersoll-Rand Co.*, 841 S.W.2d 343, 345-46 (Tex. 1992) .................... 31

*Sonnenberg v. Mike Smith Auto Plaza*, 8 S.W.3d 850, 852 (Tex. App.—Beaumont 2000, no pet.) ...................................................................................................... 11

## RULES:

TEX. R. CIV. P. 166a(c) ........................................................................................... 28

TEX. R. CIV. P. 166(a)(i) ................................................................................... 7, 11

TEX. R. CIV. P. 329 ................................................................................................... 8

TEX. CIV. PRAC. & REM. CODE §§§71.001-71.004 ......................................... 31

TEX. CIV. PRAC. & REM. CODE §§§71.02 ......................................................... 31

## CODES:

Texas Transportation Code Section §545.302(a)(7) ............................ 9, 11, 25, 26

Texas Transportation Code Section §545.05l(b) ................................. 9, 11, 25, 26

Texas Transportation Code Section §545.401(a) ................................ 9, 11, 25, 26

Texas Transportation Code Section §548.604(a)(2) .............................. 9, 11, 25, 26

**STATEMENT OF THE CASE**

Nature of the Case:     Plaintiffs/Appellants Adolfo J. Carrera and Esperanza
                        Gaytan individually and on behalf of the estate of Adolfo
                        Carrera filed this lawsuit asserting Negligence,
                        Negligence Per se, and Wrongful Death & Survival
                        claims against Defendant Alice Yanez as a result of a
                        vehicle collision which took place on March 27, 2013.

Trial Court:            The Honorable Dick Alcala, Visiting Judge sitting in the
                        131st Judicial District, Bexar County, Texas.

Trial Court Disposition: The trial court granted Defendant's traditional and no
                        evidence motion for summary judgment and this appeal
                        ensued.

**ISSUES PRESENTED**

**Issue No. 1**: The Plaintiffs failed to offer more than a scintilla of evidence to
support their negligence and negligence per se claims where Plaintiffs
offered no legally probative evidence to establish that Ms. Yanez's
operation of her vehicle breached a duty of care to Decedent, that this
alleged breach was the proximate cause of Decedent's injuries, and
that Ms. Yanez violated Texas Transportation Code Sections
545.302(a)(7), 545.051(b), 548.604(a)(2), and 545.401(a).

**Issue No. 2:** The trial court correctly granted Ms. Yanez's traditional motion for
summary judgment based on the determination that she did not breach
a duty of care to the decedent.

**Issue No. 3**: Appellants' assertion that Ms. Yanez did not move for summary
judgment on appellants' wrongful death and survival claims is
misplaced and the trial court properly dismissed those claims.

**STATEMENT OF THE FACTS**

**TO THE HONORABLE COURT OF APPEALS:**

On March 27, 2013, Appellee, Ms. Yanez, was driving in the third lane from the right on IH-10 near Vance Jackson, in San Antonio, Texas. (CR 452). Her vehicle began over-heating and slowed. (CR 381). She turned on her blinker and hazard lights and began looking to the right behind her in order to see if there was an opening for her to change lanes to the right in order to exit the highway due to her mechanical difficulties. (CR 383-387). She changed one lane to the right so that she was then in the second lane from the right and continued looking behind her and to her right so that she could move over and exit. (CR 411-412). The lone eyewitness to the accident, Michele Power ("Ms. Power"), was driving her vehicle in the left adjacent lane behind Ms. Yanez and witnessed the entire sequence of events leading up to the accident. (CR 466-519). Decedent, Adolfo Carrera, was driving a Suzuki sports motorcycle behind Ms. Power and changed to the second lane from the right so that he was then situated behind Ms. Yanez. (CR 452). Ms. Power testified in her deposition that Mr. Carrera began looking down at his cell phone or some other object for several seconds while driving behind Ms. Yanez. (CR 477, lines 7-19). As a result, Mr. Carrera failed to see that Ms. Yanez's vehicle had slowed due to her mechanical difficulties. (CR 157, lines 11-13). Mr. Carrera then struck the rear of Ms. Yanez's vehicle. (CR 168, lines 3-11). Mr. Carrera fell from his bike and landed

in the adjacent left lane. (CR 80). He was then run over by another vehicle and was killed. (CR 80). The investigating officer attributed fault in the accident report to Mr. Carrera for driver inattention and mobile phone use. (CR 454).

On, July 22, 2013, Mr. Carrera's parents, Adolfo J. Carrera and Esperanza Gaytan, brought a wrongful death and survival suit alleging negligence and negligence per se causes of action against Ms. Yanez. (CR 1–5).

On July 22, 2014, Ms. Yanez filed both a no evidence and traditional motion for summary judgment under Rule 166(a)(i), Tex. R. Civ. P. (CR 56). Ms. Yanez moved for a no evidence motion for summary judgment on grounds that Plaintiffs did not present legally probative evidence that Ms. Yanez breached a duty of care to Mr. Carrera, that she was the proximate cause of Mr. Carrera's injuries, or that she was negligent per se. *(Id.)* Ms. Yanez moved for a traditional summary judgment on grounds, *inter alia*, that there was no genuine issue of material fact that Ms. Yanez did not breach a duty of care to Mr. Carrera, that Ms. Yanez was not negligent per se, and that Mr. Carrera's negligence, rather than Ms. Yanez's conduct, proximately caused the accident and his injuries. (*Id.*) Ms. Yanez's evidence in both motions included the certified accident report, the sworn deposition testimony of eyewitness Michelle Power, the recorded statement of eyewitness Michelle Power, and Plaintiffs' responses to interrogatories and requests for production. (*Id.*)

At a hearing held on March 26, 2015, the trial court granted Ms. Yanez's no evidence and traditional motion for summary judgment. (CR 548). The trial court signed an Order at the hearing granting the motion. (*Id*.) Upon realizing that there was a clerical error in the Order in which the title correctly listed both the no evidence and traditional motion for summary judgment, but in which the body of the Order only referenced the no evidence motion, Ms. Yanez's counsel filed an unopposed motion to correct the clerical error in the judgment under TRCP 329B and an agreed corrected Order signed by Plaintiffs' counsel that corrected the clerical error in the body of the Order. (CR 549-553).

## SUMMARY OF THE ARGUMENT

After considering Ms. Yanez's no evidence and traditional motion for summary judgment, the evidence presented by Ms. Yanez, and the argument of counsel, the trial court correctly granted Ms. Yanez's motion challenging Plaintiffs' negligence and negligence per se claims. Plaintiffs failed to bring forth more than a scintilla of evidence to support the challenged elements of their claims:

1. That Ms. Yanez breached a duty of care to Mr. Carrera;

2. That Ms. Yanez was the proximate cause of Mr. Carrera's injuries; and

3. That Ms. Yanez was negligent per se in operating her vehicle in violation of Texas Transportation Code Sections 545.302(a)(7), 545.051(b), 548.604(a)(2), and 545.401(a).

The trial court also correctly granted Ms. Yanez's traditional motion for summary judgment against Plaintiffs' claims. The uncontroverted evidence established that Ms. Yanez acted as a prudent driver by turning on her hazard lights and attempting to exit the highway after her vehicle began to overheat. Mr. Carrera's negligent conduct in looking down at his cell phone or some other object for several seconds while riding behind Ms. Yanez on his motorcycle led to him striking her vehicle and this tragic accident. Further, Plaintiffs failed to provide evidence that Ms. Yanez violated the particular traffic code sections asserted in

their negligence per se allegation due to (1) the fact that Ms. Yanez's conduct did not actually violate the statutes and (2) that any incidental violation of those statutes were excused as a matter of law due to the emergency nature of the situation. The evidence demonstrates, therefore, that Ms. Yanez did not breach a duty of care, that she was not the proximate cause of the accident and Mr. Carrera's injuries, and that she was not negligent per se. Thus, the trial court's summary judgment should be affirmed.

<u>**ARGUMENT & AUTHORITIES**</u>

**Issue No. 1**: The Plaintiffs failed to offer more than a scintilla of evidence to support their negligence and negligence per se claims where Plaintiffs offered no legally probative evidence to establish that Ms. Yanez's operation of her vehicle breached a duty of care to Decedent, that this alleged breach was the proximate cause of Decedent's injuries, and that Ms. Yanez violated Texas Transportation Code Sections 545.302(a)(7), 545.051(b), 548.604(a)(2), and 545.401(a).

**A.      Standard of Review**

A "no evidence" summary judgment is proper when "there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial." TEX. R. CIV. P. 166a(i). A plaintiff opposing a "no evidence" motion must identify more than a scintilla of evidence to support each of the challenged elements of its claims. The evidence will not rise to the level of a scintilla if either (a) it "is so weak as to do no more than create a mere surmise or suspicion of fact," *Sonnenberg v. Mike Smith Auto Plaza*, 8 S.W.3d 850, 852 (Tex. App.—Beaumont 2000, no pet.), or (b) the trial court "is barred by rules of law or of evidence" from giving any weight to it. *Merrell Dow Pharmaceuticals, Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997).

**B.      Appellants failed to offer more than a scintilla of evidence to support their negligence claim where they offered no legally probative evidence establishing that Ms. Yanez's operation of her vehicle breached a duty of care to Decedent.**

Plaintiffs assert that the trial court erred in granting Ms. Yanez's no evidence motion for summary judgment because there were genuine issues of material fact

precluding judgment as a matter of law regarding Plaintiffs' negligence and negligence per se claims. (Appellants' Brief, p. 14 – 17.)

Ms. Yanez filed her no evidence motion for summary judgment alleging, among other things, that after adequate time for discovery, Plaintiffs had no legally probative evidence that Ms. Yanez breached a duty of care owed to Mr. Carrera in the operation of her vehicle at the time of the accident. (CR 56-76).

In order to defeat Ms. Yanez's no evidence motion, Plaintiffs were required to counter by producing more than a scintilla of probative evidence to raise a genuine issue of material fact on their negligence claims against Ms. Yanez. *See* Tex. R. Civ. P. 166(a)(i). Plaintiffs, however, failed to produce any probative evidence showing that Ms. Yanez was negligent in the operation or maintenance of her vehicle. (CR 351-364). That is because Ms. Yanez acted as a reasonable, prudent driver would by cautiously trying to exit the highway after her vehicle began overheating. The official investigation report and the testimony of a neutral non-party Michele Power both demonstrate that the only driver to act negligently in this accident was the decedent, Adolfo Carrera.

In Plaintiffs' response to Ms. Yanez's no evidence motion and Appellants' Brief ("Response"), Plaintiffs asserted two contradictory allegations of negligence and provided no legally probative evidence in support of either. (CR 351-363). First, Plaintiffs appeared to suggest that Ms. Yanez's vehicle did not over-heat,

slow, or stall due to mechanical difficulties as she testified. (*Id*. at 357-359). Rather, Plaintiffs alleged instead that Ms. Yanez deliberately and suddenly slowed her vehicle in the middle of the highway for some unclear reason causing Mr. Carrera to run into her vehicle. (*Id*.) In contradiction of this first allegation that Ms. Yanez's vehicle did not have mechanical difficulties, Plaintiffs next asserted in the Response that Ms. Yanez was negligent for driving an old and ill-maintained car that broke down on the highway causing Mr. Carrera to collide with Ms. Yanez's vehicle. (*Id*.)

Plaintiffs referred to portions of Ms. Yanez's deposition testimony to support their allegation that Ms. Yanez drove unsafely and that her vehicle was poorly maintained. (*Id*.) Although Plaintiffs provided these portions of her deposition testimony to support their causes of action against Ms. Yanez, Plaintiffs failed to show how her testimony constituted any evidence at all that Ms. Yanez drove negligently or that her vehicle was poorly maintained causing it to break down on the highway. (*Id*.) Instead of providing probative evidence supporting their allegations, Plaintiffs repeatedly asserted that Ms. Yanez had not proven that her vehicle did not overheat, had not proven that steam was coming from her vehicle, and had not proven that her vehicle lost power and began to stall or slow. (*Id*.)

To be clear, these conclusory assertions constitute the entirety of Plaintiffs' "evidence" that Ms. Yanez drove negligently. Plaintiffs offered no eyewitness testimony, no expert mechanical evaluation of her vehicle, no expert accident reconstruction of the accident, and no other type of evidence establishing that Ms. Yanez drove unsafely. Rather, Plaintiffs have impermissibly attempted to shift the burden of proof to Ms. Yanez to prove that she drove safely and prove that her vehicle actually had mechanical difficulties. Plaintiffs repeatedly asserted that Ms. Yanez could not prove that her vehicle malfunctioned causing her to slow and to attempt to exit the highway. (*Id*.) However, the burden was on the Plaintiffs to provide evidence that Ms. Yanez's driving breached a standard of care. Instead, Plaintiffs provided only supposition, surmise, and suspicion of fact, which fell well short of the level of a scintilla of evidence.

Plaintiffs next pointed to testimony in which Ms. Yanez testified that she did not look at her gauges while her vehicle was steaming and she was attempting to exit the highway. The implication, one surmises, is that the conduct of focusing on attempting to get off the highway while a vehicle is overheating, instead of looking at gauges, was unreasonable conduct under those circumstances. (*Id*.) Plaintiffs failed to provide evidence explaining or demonstrating why her specific conduct of not looking down at gauges while she was attempting to exit the highway violated a reasonable driver standard of care.

Plaintiffs' next assert that Ms. Yanez removing her foot from the accelerator, rather than vehicle malfunction, is what caused her vehicle to slow. (*Id.*) Plaintiffs failed to provide any evidence to support their conclusory allegation that Ms. Yanez's vehicle was not having mechanical difficulties and that she decided to stop on the highway for no apparent reason. Ms. Yanez repeatedly and consistently testified that her vehicle began overheating, slowed, and so she tried to exit the highway. (CR 381-384). In Plaintiffs' view, Ms. Yanez's testimony evidently constitutes "facts" in support of their conclusory allegations when it is clear that her testimony (and the accident report and neutral witness Michelle Power's testimony) is in direct contravention of their allegations.

Plaintiffs next asserted that Ms. Yanez was not driving a reasonable speed and that her testimony was inconsistent about the amount of the traffic at the time of the accident and that this inconsistency creates a fact question about negligence. (CR 358-359). Plaintiffs have again made a conclusory assertion and provided no evidence in support of it. As previously noted, Ms. Yanez testified that she immediately began attempting to move over and exit the highway when her vehicle began steaming, as any reasonable driver would. (CR 381-384). Plaintiffs have provided no evidence that this specific conduct breached a reasonable driver standard. They have presented no witnesses, no accident reconstruction or

engineering experts, and no other credible evidence to dispute or challenge the reasonableness of Ms. Yanez's driving at the time of the accident.

Further, there is no inconsistency in Ms. Yanez's response about the traffic conditions at the time of the accident. As is clear from her deposition testimony, Ms. Yanez was first describing traffic conditions at the time she left the house that day and then later as she got onto the highway. (CR 380-381, 406-407). Plaintiffs' attempt to mischaracterize Ms. Yanez's testimony as an inconsistency creating a fact issue reflects the general absence of evidence in support of their allegations.

Plaintiffs made a similar global assertion that Ms. Yanez's testimony was contradictory and not clear and therefore should not have been considered as summary judgment evidence. (Appellants' Brief, p. 11-12). Plaintiffs appear to have conflated inconsistent testimony with testimony that is unfavorable to their allegations. In any instance, this assertion was made without reference to particular testimony, so it must be discounted.

Plaintiffs next asserted that "the facts further support" that Ms. Yanez should have attempted to move over to the left shoulder rather than exiting the highway to the right because the left shoulder was closer. (CR 358-359). This conclusory assertion begs the questions of (1) which facts support their assertion and (2) how Ms. Yanez's split second decision on which direction to move when her vehicle began malfunctioning constituted a breach of a reasonable driver standard.

Plaintiffs failed to address either of these issues in their summary judgment response. Plaintiffs have provided no testimony or any other evidence that Ms. Yanez's conduct was inconsistent with how a reasonable driver would react in the same emergency situation. Further, Ms. Yanez was in the second lane from the right when the collision occurred, so Plaintiffs' assertion that moving to the left shoulder would have been safer than exiting to the right was unfounded because she was in fact closer to the right exit lane than to the left shoulder. (CR 452).

Plaintiffs next asserted that Ms. Yanez was negligent in failing to warn others of her vehicle problems and that she could not prove that she turned on her hazard lights. (CR 359). First, Plaintiffs provided no evidence as to what the standard of care to warn others is for a vehicle that is malfunctioning on the highway and struggling to move over and exit. (*Id.*) Plaintiffs' Response did not dispute that Ms. Yanez put on her right blinker as she attempted to exit the highway, which is an undisputedly prudent action. (*Id.*) Their only dispute appears to be whether she turned on her hazard lights in those split seconds after her vehicle began malfunctioning. (*Id.*) Ms. Yanez testified she did engage her emergency flashing flights and neutral witness Ms. Power thought she did as well. (CR 383, lines 1-2; CR 479, lines 8-9). Plaintiffs provided no witness testimony to dispute either Ms. Yanez or Ms. Power. (CR 359). Even assuming that Plaintiffs were right that Ms. Yanez did not immediately engage her hazard lights, Plaintiffs

failed to demonstrate that this conduct, or the absence thereof, was inconsistent with how a reasonable driver would behave in the same emergency circumstances where decisions have to be made in split seconds.

Plaintiffs' next substantive argument was that the investigating officer determined that "Defendant Yanez contributed to the cause of the accident" and that his attribution of fault to her created a fact question. (CR 359). This is patently false. As noted in Ms. Yanez's motion, the investigating officer marked two "Contributing Factors" sections on the accident report. (CR 451-454). In the first section related to Ms. Yanez, the officer listed factor "98" as a contributing factor. (*Id*.) The "Factors and Conditions" code sheet on this standard Texas Peace Officer's Crash Report (Form CR-3) defines factor 98 as "Other (Explain in Narrative)". (CR 453). This factor, by its own description, merely refers the reader to the narrative section of the accident report. The factor does not, as Plaintiffs indicated, attribute fault to a driver. The narrative section in the accident report that this code refers to does not state, as Plaintiffs suggest, that "Defendant Yanez contributed to cause the accident." Rather, it states that Ms. Yanez's vehicle malfunctioned causing it to lose speed. (*Id*.) The only attribution of fault by the investigating officer in the accident report was to the decedent, Mr. Carrera, whom the investigating officer determined, by citing factor numbers 20 and 72, to be at fault for "Driver Inattention" and "Cell/Mobile Phone Use". (CR 454). The officer

also attributed fault to Mr. Carrera in the narrative section of the accident report stating that Mr. Carrera "was not paying attention and struck the rear of Unit 1 [Ms. Yanez]". (*Id.*)

It should also be noted that Plaintiffs' use of the investigating officer's narrative as evidence in support of their summary judgment Response was in direct conflict with their earlier assertions that Ms. Yanez's vehicle did not malfunction and that Ms. Yanez deliberately slowed her vehicle. Far from providing support for Plaintiffs' assertions, the accident report is in fact wholly consistent with the accounts of Ms. Yanez and neutral witness Ms. Power of how the accident occurred and certainly does not reflect any failure on Ms. Yanez's part to act as a reasonable driver under the circumstances.

The Plaintiffs next conclusively asserted that Ms. Yanez was negligent in driving "an old and ill-maintained car". (CR 359-360). Plaintiffs provided no evidence whatsoever that Ms. Yanez's vehicle was in fact poorly maintained or in non-drivable condition. Of course, the age or mileage of a vehicle does not constitute evidence of the drivability or safety of a particular vehicle.

Likewise, Plaintiffs provided no expert, or any other, evidence that Ms. Yanez's vehicle was in fact poorly maintained. (*Id.*) Rather, Plaintiffs used as evidence the fact that Ms. Yanez could not remember the exact location or date she had the vehicle serviced or that she did not keep receipts of her recent oil changes

as evidence that her vehicle was ill-maintained. (*Id.*) Ms. Yanez testified that she regularly serviced her vehicle every 3,000 miles and that she would service her vehicle wherever there was a good deal for the particular service needed. (CR 401, lines 3-6). Because the service deals varied from shop to shop, she did not always take her vehicle to one particular shop. (CR 403, lines 9-12). She further testified that she took good care of the vehicle and that she had never seen steam coming out of it before. (CR 401, lines 10-21). Plaintiffs' supposition and conjecture that her vehicle was not in a condition "safe for driving on the road" has absolutely no evidentiary support beyond supposition and surmise. Plaintiffs have once again attempted to shift the burden onto Ms. Yanez to disprove their allegations in the absence of Plaintiffs producing any evidence to dispute her testimony that the vehicle was in good driving condition as far as she was aware prior to the accident.

Next, Plaintiffs attempted to discredit the sole eyewitness to the accident, Michelle Power, who was driving in the lane immediately adjacent to Ms. Yanez and Mr. Carrera. (CR 360-362). Plaintiffs asserted that Ms. Power's testimony about "her observations of Mr. Carrera's actions in the seconds before the accident is based on pure assumption and speculation" and her testimony that Mr. Carrera was at fault for that accident, therefore, should be wholly discounted. (*Id.*) Ms. Power's observations were based, by definition, on what she observed. She did not need to assume or speculate about what she observed first hand. It appears

Plaintiffs mean to say that Mr. Power's conclusion that Mr. Carrera was not paying attention prior to colliding with Ms. Yanez's vehicle was based on assumption and speculation rather than observation. Ms. Power never claimed in her deposition to know what was going on in Mr. Carrera's mind in the seconds prior to him driving into the rear of Ms. Yanez's vehicle. However, based on her observation that he was looking down at some device or object for several seconds prior to the impact, and the fact that he drove into the rear of a vehicle that Ms. Power had observed slow down several seconds before, she naturally reached the conclusion that he was not paying attention. This is the same conclusion the investigating officer naturally reached as well. It is unclear what other conclusion a reasonable person could reach. Commonsense dictates that a driver who drives into the rear of another vehicle, particularly after a neutral witness observed them looking down for several seconds, was not paying attention.

Plaintiffs repeatedly mischaracterized Ms. Power's testimony in their Response but failed to quote the testimony they believed supported their assertions. Contrary to Plaintiffs' dismissive assertions about the clarity and reliability of Ms. Power's testimony, her testimony was in fact clear and reliable:

A.     Okay, I was traveling on IH-10 going westbound, and I heard a motorcycle, and so I looked in my rearview mirror, and I noticed a motorcyclist coming behind me.

Q.     I'm going to interrupt. Was he in your lane behind you?

A.      He was in my lane.

Q.      Okay, go ahead.

A.      A few moments later, I noticed him -- he moved into the lane beside me.

Q.      And when you say beside you, to the right of you or to the

A.      To the

Q.      left?

A.      right, to the right. And I have witnessed another motorcycle accident, so I am sensitive to motorcycles. I proceeded on and he came parallel to me, and I noticed him looking down. Then almost within a few seconds of that, I saw what looked to be a stalled vehicle ahead of him, and within seconds, he impacted that vehicle.

(CR 475, lines 9-25; CR 476, lines 1-3).


A.      I'd say within two seconds of him being about parallel with me, he went a little bit ahead, and he started looking down.

Q.      And how long would you estimate he was looking down for?

A.      Several seconds.

Q.      Okay. Were you able to tell what exactly he was looking down at?

A.      Not exactly. It appeared to be some sort of dark device.

Q.      So it could have been a cell phone or a music player or something?

A.      It could have been anything, yes.

(CR 477, lines 7-19).

22

A.     In my vehicle, I became very worried, because he was spending a significant amount of time, in my estimation, looking down, and then within literally a couple of seconds that disabled vehicle appeared, and I knew he was going to hit her because he was looking down.

Q.     And so, you began to yell at him just inside your car?

A.     Yes, yeah, I tried, you know.

Q.     You understood it was futile?

A.     It was futile but

Q.     Instinctive?

A.     Instinctive, yeah, it definitely was instinctive for me.

(CR 478, lines 7-10.)


Q.     I'm going to back up a little. In the brief moment that you saw Mrs. Yanez, did you notice anything erratic about her driving?

A.     No.

(CR 484, lines 17-20).


Q.     That's fine. Ms. Power, do you have any reason to disagree with the investigating officer's account of how the accident occurred?

MR. STORM: Objection, form.

A.     No.

Q.     (BY MR. WITTIG) Does that reflect your recollection of how the accident occurred?

A.     Yes, except for the fact that I didn't see who ran over the motorcyclist.

23

Q.     On the fourth page of the accident report, the investigating officer lists contributing factors to the accident, and he lists -- he gives specific numbers that represent a code word. I'll represent to you that he listed contributing factors to the accident as driver inattention and possible mobile phone use that he attributes to Mr. Carrera. Do you have any reason to disagree with the investigating officer's opinion as to the contributing factors to this accident?

MR. STORM: Objection; leading.

A.     I do not.

(CR 486, lines 5-24).

Ms. Power's testimony was clear and precise and demonstrates both that Ms. Yanez was not negligent in her driving and that Mr. Carrera's tragic decision to look down at his cell phone or something else for several seconds while operating a motorcycle on a highway was the proximate cause of this accident and his death.

The record is clear that Plaintiffs have failed to produce any legally probative evidence that Ms. Yanez acted negligently in the operation or maintenance of her vehicle. Rather, Plaintiffs have only provided suspicion and surmise in order to establish what they view as material questions of fact regarding their competing theories that Ms. Yanez either drove negligently or negligently failed to maintain her vehicle. Texas law is clear that this is insufficient to establish a scintilla of evidence. As a result, the trial court's order granting Ms. Yanez's Motion for Summary Judgment should be affirmed.

**C. Appellants failed to offer more than a scintilla of evidence to support their negligence claims where they offered no legally probative evidence establishing that Ms. Yanez's conduct was the proximate cause of Decedent's death.**

Likewise, Ms. Power's eyewitness testimony clearly establishes that Mr. Carrera's inattention and tragic decision to look down at his cell phone or some other device for several seconds while operating a motorcycle on the highway was the proximate cause of this accident and Mr. Carrera's injuries and death. Plaintiffs have provided no legally probative evidence to rebut Mr. Power's neutral eyewitness testimony as to the events of that day.

As noted, Plaintiffs have attempted to discredit Ms. Power's testimony by highlighting what Plaintiffs characterize as inconsistencies. However, her testimony was clear as demonstrated above. An inability of a witness to read another driver's mind or specify exact measurements of time and distance does not constitute inconsistency. Even if one found something to quibble about Ms. Power's testimony, the underlying issue still stands that Plaintiffs have provided absolutely no probative evidence that Mr. Carrera's conduct, rather than Ms. Yanez's, was not the proximate cause of this accident, his injuries, and his death. As a result, the trial court's order granting Ms. Yanez's Motion for Summary Judgment should be affirmed.

**D. Appellants failed to offer more than a scintilla of evidence to support negligence per se claims where they offered no legally probative evidence establishing that Ms. Yanez operated her**

**vehicle in violation of Texas Transportation Code Sections 545.302(a)(7), 545.051(b), 548.604(a)(2), and 545.401(a).**

Plaintiffs have provided no probative evidence that Ms. Yanez was negligent per se by violating Texas Transportation Code Sections 545.302(a)(7), 545.051(b), 548.604(a)(2), and 545.401(a). Under Texas law, there are generally five categories of situations where a statutory violation is excused:

(a) the violation is reasonable because of the actor's incapacity;

(b) he neither knows nor should know of the occasion for compliance;

(c) he is unable after reasonable diligence or care to comply;

(d) he is confronted by an emergency not due to his own misconduct;

(e) compliance would involve a greater risk of harm to the actor or to others.

*Murray v. O & A Express, Inc.,* 630 S.W.2d 633, 636 (Tex. 1982).

A violation of §545.302(a)(7) requires a showing that a defendant stopped their vehicle on an elevated structure or highway. A violation of §545.051(b) requires a showing that defendant failed to drive in the father right lane when moving more slowly than the normal speed of other vehicles. A violation of §548.604(a)(2) requires a showing that a defendant drove a vehicle with a known defect. A violation of §545.401(a) requires a showing that a defendant operated a vehicle in willful and wanton disregard for the safety of persons and property, including the Plaintiffs.

First and foremost, Plaintiffs provided no evidence in their Response to Ms. Yanez's no evidence motion for summary judgment establishing that Ms. Yanez actually violated each of these statutes. Plaintiffs provided no evidence that Ms. Yanez stopped her vehicle on the highway. The only evidence that exists is that mechanical difficulties caused her vehicle to slow or stall. Plaintiffs provided no evidence that Ms. Yanez failed to drive in the right lane when driving slower than other vehicles. On the contrary, her testimony plainly states that she was attempting to move into the right lane because her vehicle was overheating and slowing. (CR 411-412). Plaintiffs provided no evidence establishing that Ms. Yanez knew her vehicle had a defect. And Plaintiffs provided no evidence that Ms. Yanez operated her vehicle with willful and wanton disregard. The only evidence that exists is that Ms. Yanez carefully tried to exit the highway when her vehicle began having mechanical difficulties.

Even if brief moments of Ms. Yanez's driving after her vehicle began malfunctioning were arguably a technical violation of one more of the statutes, that conduct clearly fell within the exceptions to those statutes described in *Murray v. O & A Express, Inc*. Plaintiffs provided no evidence disputing that Ms. Yanez's vehicle began overheating. Plaintiffs provided no evidence that this emergency was caused by her own conduct. Plaintiffs provided no evidence she knew of any defects in her vehicle prior to driving it on the highway. Plaintiffs provided no

27

evidence that she did not, with reasonable diligence, attempt to move her vehicle off the highway. On the contrary, the only evidence that exists in this suit demonstrates Ms. Yanez acted as a reasonable and prudent driver would. Any failure to comply with these statutes is clearly excused as a matter of law and, as a result, the trial court's ruling granting summary judgment should be affirmed.

**Issue No. 2**: The trial court correctly granted Ms. Yanez's traditional motion for summary judgment based on the determination that she did not breach a duty of care to the decedent.

### A. Standard of Review

The standard for reviewing a summary judgment is de novo. *See Provident Life & Accident Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). A traditional summary judgment is proper if the evidence shows that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." TEX. R. CIV. P. 166a(c). Thus, a trial court may grant summary judgment against a plaintiff who, as a matter of law, cannot establish one or more of the elements of its causes of action. (*Id*.) Likewise, a trial court may grant summary judgment when a defendant conclusively proves an affirmative defense to the plaintiff's claims. *See Johnson & Johnson Med. Cen. v. Sanchez*, 924 S.W.2d 925, 927 (Tex. 1996); *Randall's Food Mkts. v. Johnson*, 891 S.W.3d 640, 644 (Tex. 1995).

### B. The summary judgment should be affirmed because the evidence establishes that Ms. Yanez did not breach a duty of care when she

**attempted to exit the highway after her vehicle began overheating and stalling.**

In Plaintiffs' next point of error, they asserted that the trial court erred in granting Ms. Yanez's traditional motion for summary judgment because there were genuine issues of material fact precluding judgment as a matter of law regarding Plaintiffs' negligence and negligence per se claims.

As established in this Brief, there is no genuine issue of fact that Ms. Yanez acted as anything other than a reasonable prudent driver after her vehicle began overheating by putting on her blinker, then her hazard lights, and then attempting to exit the highway to get out of harms way. Plaintiffs have provided nothing more than supposition to suggest there is a material issue of fact.

Ms. Yanez, on the other hand, provided her testimony, the testimony of Ms. Power, and the investigating officer's accident report to establish that she acted as a reasonable prudent driver when faced with a harrowing emergency situation of mechanical difficulties on a busy highway. Ms. Yanez likewise provided her testimony that she maintained her vehicle and that she was unaware of any defects with the vehicle prior to this accident. Plaintiffs had ample opportunity to fully investigate the vehicles involved, find other witnesses, and otherwise develop evidence that supported their negligence and negligence per se allegations. They failed to do so and, as a result, the trial court's ruling granting Ms. Yanez's Traditional Motion for Summary judgment should be affirmed.

**C.** **The summary judgment should be affirmed because the evidence establishes that Decedent's negligence in looking down at his phone or another object for several seconds prior to colliding with Ms. Yanez's vehicle was the proximate cause of the accident and his death.**

Again, as discussed in great detail above, the only existing evidence provided at the summary judgment hearing established that Mr. Carrera, and not Ms. Yanez, was the proximate cause of this accident due to his tragic decision to look down at his cellphone or some object for several seconds prior to this collision. Had he been paying attention, it is highly likely that he would have had time to slow or change lanes upon seeing that Ms. Yanez's vehicle in front of him had stalled or slowed due to mechanical difficulties. His failure to do so, as established by the testimony of Ms. Power and the investigating officer's accident report, caused his collision with Ms. Yanez's vehicle and his death. As Plaintiffs have failed to prove that Ms. Yanez, rather than Mr. Carrera, was the proximate cause of this accident and Mr. Carrera's death, the trial court's order granting Ms. Yanez's Traditional Motion for Summary Judgment should be affirmed.

**Issue No. 3**: Appellants' assertion that Ms. Yanez did not move for summary judgment on appellants' wrongful death and survival claims is misplaced and the trial court properly dismissed those claims.

In Plaintiffs' third point of error, they assert that Ms. Yanez did not expressly move for dismissal of their wrongful death and survival claims, only

their negligence and negligence per se claims, and that dismissal of all claims was error. (Appellants' Brief, p. 17-18.)

Plaintiffs are simply incorrect in their assertion that Ms. Yanez's motion for summary judgment did not mention Plaintiffs' wrongful death and survival claims. The third paragraph of the first page of Ms. Yanez's motion states, "Carrera's parents, Carrera's parents, ADOLFO J. CARRERA and ESPERANZA GAYTAN ("Plaintiffs"), brought a *wrongful death and survival suit alleging negligence and negligence per se causes of action* against Ms. Yanez." (emphasis added)(CR 56). Ms. Yanez's motion ended with the following conclusion: "Plaintiffs have provided no evidence to sustain their burden of proof that Defendant was negligent or negligent per se. Thus, *Defendant is entitled to summary judgment as a matter of law with respect to all of Plaintiffs' claims*." (emphasis added)(CR 69). The motion also included the following Prayer: "Defendant prays that after notice and hearing, the Court grant her First Amended No Evidence and Traditional Motion for Summary Judgment, enter judgment that *Plaintiffs' claims* against her are dismissed with prejudice." (emphasis added)(CR 69).

Likewise, the circumstances in this case are distinguishable from those relied on by Plaintiffs from *Jacobs v. Satterwhite*, 65 S.W.3d 653, 655 (Tex. 2001). In *Jacobs*, the defendant only requested summary judgment on one of two causes of action alleged. (*Id.*) In this case, as noted above, Ms. Yanez's motion clearly noted

that Plaintiffs brought a wrongful death and survival suit on a basis of negligence and negligence per se causes of action. The central element of both a wrongful death and survival claim is that the defendant's wrongful act caused injury to the decedent. *See* TEX. CIV. PRAC. & REM. CODE §§§71.001-71.004,71.021; *Russell v. Ingersoll-Rand Co.*, 841 S.W.2d 343, 345-46 (Tex. 1992).

Because Plaintiffs could not, as a matter of law, establish the wrongful act(s) of Ms. Yanez in their negligence and negligence per se causes of action in support of their wrongful death and survival suit, Ms. Yanez expressly moved that the trial court grant summary judgment as to "all claims." As a result, Plaintiffs' assertion that their wrongful death and survival claims were not addressed is unfounded and the trial court's granting of Ms. Yanez's no evidence and traditional motion for summary judgment should be affirmed.

## CONCLUSION

In this case, the trial court property granted Ms. Yanez's No Evidence and Traditional Motion for Summary Judgment. This Court should therefore affirm the trial court's judgment in this case.

## PRAYER

WHEREFORE, THE FOREGOING CONSIDERED, Appellee, Alice Yanez, requests that this Court:

(1)    AFFIRM the trial court's order granting Alice Yanez's No Evidence and Traditional Motion for Summary Judgment;

(2)    ORDER Appellants, Adolfo J. Carrera and Esperanza Gaytan, and/or their counsel to pay Alice Yanez's reasonable costs and attorney's fees associated with this appeal pursuant to Texas Rules of Appellate Procedure 43.4; and

(3)    GRANT Alice Yanez such further and other relief to which she may be justly entitled.

Respectfully submitted,

**ALLAN, NAVA, GLANDER & HOLLAND, PLLC**
825 W. Bitters Road, Suite 102
San Antonio, Texas 78216
Telephone:  (210) 305-4220
Telecopier:  (210) 305-4219
Wallan@ANGlawfirm.com
Serveone@anglawfirm.com

By: _____
WILLIAM N. ALLAN, IV
State Bar No. 24012204

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), I certify that, excluding those parts allowed to be excluded, the above and forgoing Ms. Yanez's Brief contains 7,519 words.

_____
WILLIAM N. ALLAN, IV

## CERTIFICATE OF SERVICE

By my signature hereunder, I certify that I electronically filed the foregoing with the Clerk of Court and true copy of the foregoing document has been forwarded as follows on the 2nd day of September, 2015:

*Electronic Mail*
Marc Acuna
MarkA@jeffdavislawfirm.com
DAVIS LAW FIRM
5710 Northwest Expressway
San Antonio, Texas 78201
COUNSEL FOR APPELLANTS

_____
WILLIAM N. ALLAN, IV